Patterson agt. Graves.

---

## SUPREME COURT.

JAMES PATTERSON, respondent, agt. MARTIN L. GRAVES, appellant.

The Code (§ 272) does not require a referee formally to report upon the issues formed by the pleadings. If there are issues upon which there is no evidence, he is not required to notice them. And where an issue is reported upon by necessary implication, from the rest of the report, it will be deemed sufficient

He is not to report the *evidence,* but the *facts* found from the evidence. But where evidence is introduced upon a material issue, and the facts are not affirmatively found thereon, he is not required to report negatively upon it; it is sufficient that he find *affirmatively* what facts are proved.

A *delay* of about seven months, in making a motion to set aside a report of a referee for irregularity, although it was claimed that a substantial right was involved, *held,* fatal to the motion.

*Genesee General Term, September,* 1854.

Before MARVIN, P. J., MULLETT and BOWEN, Justices.

APPEAL by defendant from an order of the special term, denying a motion made by the defendant to set aside the referee's

report tor irregularity, or that the referee amend his report. The irregularity complained of is, that the report does not set forth "the material facts found upon the issues passed upon by the referee, or what issues he did pass upon, or what facts he did find, on the evidence taken, on the issues he did pass upon." The facts are sufficiently stated in the opinion.

W. H. Greene, *for appellant.*

A. Thorn, *for respondent.*

*By the court*—Bowen, Justice. The pleadings in the cause were not furnished to the court on the argument of the motion, and the only information we have, of what the issues were on which the action was tried by the referee, is contained in the affidavit on which the motion was made. From this affidavit it appears that the plaintiff's demand was for the rent of certain lands described in the complaint, accruing from May 28, 1849, to July, 1850, at $40 per annum—the plaintiff suing as the assignee of S. G. Havens, the landlord. That the answer denied the allegations of the complaint, and set up that the defendant occupied the lands in question as the owner thereof until May 2d, 1848, when Mr. Havens purchased them on the foreclosure of a mortgage made by the defendant, and from that time he occupied them as a tenant at will of Mr. Havens, until April 13th, 1849, when he was served with a notice to quit by his landlord, and he then surrendered the possession, and had not occupied the premises after that time. That, February 12th, 1848, one Johnson became the owner of a piece of land adjoining the demised premises, on which there was a dwelling-house, which the defendant occupied; and that, May 1, 1850, the defendant became the owner thereof, by a convey-ance from Johnson. "That the only question is, whether the dwelling-house, which said Graves did use and occupy, was on the latter or former premises; and if upon the former, how much of them it covered. That Graves had occupied and used the said dwelling-house as the owner in fee. That the answer further set up payment."

The referee, by his report, finds that the defendant used and occupied the land described in the complaint, under Mr. Havens as his landlord, from June 1st, 1848, to August 1st, 1850, and that such use was worth $45 per annum ; and that the rent had been assigned to the plaintiff. That the dwelling-house was on the demised premises, and not on the land conveyed by Johnson to the defendant. That there was due from the defendant to the plaintiff, for such use, after deducting all payments and offsets, $33.75—and judgment was ordered for that sum.

It will thus be seen that the referee did, substantially, report upon all the issues found by the pleadings. He formally and technically reported upon them all, except that of payment; and he did upon that issue by necessary implication. If there was due, on account of the rent, $33.75 over all payments, it necessarily follows that it was not all paid.

The Code (§ 272) requires the referee to state in his report the facts found by him, and his conclusions of law. I do not understand that this provision requires him formally to report upon the issues formed by the pleadings. If there are issues on which there is no evidence, I do not think he is required to notice them in his report. He is to report the facts found by him : that is, the facts which the evidence before him proves. He should not report the evidence ; that was not intended, and should be avoided. If evidence was introduced before the referee upon some material issue, and he has not by his report found the affirmative thereof as proved, and either party claims that he should have so found from the evidence, I am inclined to think that a case setting forth the evidence would, on appeal, present the question whether the report, in that respect, was against evidence, without the referee's stating in his report negatively that he did not so find. That it is sufficient for him to find affirmatively what facts are proved. The case of *Van Steenburgh* agt. *Hoffman*, (6 *How. Pr. R.* 492,) does not establish a different doctrine.

But that question is not before the court on this appeal, for,

Patterson agt. Graves.

as stated above, all the facts at issue between the parties are substantially passed upon by the referee in his report.

I think that the delay of the defendant in making the motion is a perfect answer to it. The motion was to set aside the report for irregularity. The defect therein complained of would, if it existed, constitute a mere irregularity; and it is unnecessary to cite authorities to show that motions founded on irregularity must be made the first opportunity. But if, as was claimed by the defendant's counsel on the argument, the defect was a substantial one—affected a substantial right—I do not think that is an answer to the delay.

The right to appeal to the general term is a substantial right, yet the Code requires it to be taken within thirty days after notice of judgment or order to be appealed from, or the substantial right is lost. There is no statute, nor standing rule of the court, prescribing the time within which such a motion as this must be made; but the practice of the court and the policy of the law require that it be done promptly.

The referee's report is dated October 1st, 1853, and a copy thereof was served on the defendant's attorney, October 11th, 1853. The affidavit on which the motion was based was not made until May 4th, 1854. Nearly seven months elapsed after the defendant knew, or should have known, of the defect in the report, before any move was made to have it corrected— during which time several special terms intervened, at which the motion might have been made.

The order appealed from should be affirmed, with $10 costs.