Jones agt. The United States Slate Company.

Judge BRADY delivered a dissenting opinion.

Judgment reversed.

---

## SUPREME COURT.

MOSES M. JONES agt. THE UNITED STATES SLATE COMPANY.

On a motion to set aside a judgment taken by default for irregularity, because the complaint was not sworn to, and because there was no legal evidence of the service of the summons, which was made upon the managing agent of the defendants, there being no affidavit annexed verifying the signature of the agent, who gave an admission of service;

*Held,* that these were irregularities which should have been taken advantage of promptly, and at the first opportunity. The delay in moving was fatal to the motion in this respect. Under the facts and circumstances presented, the plaintiff was allowed to amend *nunc pro tunc,* by filing his affidavit of verification of the complaint; and was also allowed to annex an affidavit verifying the signature of the agent of the defendants.

One of the defendants, a non-resident, who had been proceeded against by attachment, (after the issuing and return of execution unsatisfied upon the judgment by default,) moved to be let in to defend on the merits. The case was a peculiar one in the respect that one member of the company (defendants) swore against another. One, the non-resident defendant, affirming, and one, the managing agent, denying that there was a defence. Under these circumstances, something more than the usual affidavit of merits was required to authorize the court to let in the defendant to defend. Such terms and conditions were, therefore, imposed that the plaintiff's rights under his attachment might not be put in jeopardy, by requiring security in an undertaking, that the defendant pay any amount which the plaintiff should finally succeed in establishing on the trial, &c.

*Washington Special Term, June,* 1857.

MOTION to set aside judgment.

The plaintiff obtained a judgment against defendants in the

above action, on the 22d of October, 1856, for $1,668.25, damages and costs, and filed roll in Washington county.

The complaint was not sworn to, but the plaintiff took his judgment without any formal proof before the clerk. He swears that it was intended to swear to the complaint; but that he was absent from the county when the judgment was taken, and was unable to verify his complaint; but that the whole amount of the judgment was for a just demand; that no offsets justly exist against it, and proposes to amend the complaint by annexing thereto his affidavit of verification; that the company is insolvent and wholly unable to pay its debts, and that execution on the judgment has been returned by the sheriff of Washington county wholly unsatisfied; that since the return of the execution he has commenced an action against Seth H. Butler, who was a stockholder in said company, to an amount far exceeding the amount of the judgment, at the time the debt was contracted, and was secretary of the company; that Butler as well as Robert M. Jones, the general agent of the company, on whom the summons in this action was served, repeatedly admitted that the debt was a just one, but that the company was insolvent, and would beat plaintiff on the execution; that the action against Butler was commenced by attachment, he being then and still a non-resident of this state, residing in Philadelphia; that the sheriff attached some real estate of Butler's in the county of Washington, which is the only property real or personal of the said Butler, or either of the stockholders of the company, from which any part of the judgment can be collected; that soon after the service of the attachment, Butler conveyed the said real estate so attached to his brother Cyrus Butler, without consideration as he believes, and that if the judgment is set aside, and his lien under the attachment destroyed, he will probably lose the whole amount of his debt, as the land attached is inadequate security for the debt; that the attachment was served on Butler's agent in Granville, on the 1st day of December, 1856, and a copy left with the agent, which was immediately sent to Butler at Philadelphia; that a copy of the complaint duly verified against

Jones agt. The United States Slate Company.

Butler, setting forth the judgment in this action, was served on his attorney on the 28th of February, 1857, and an answer served on plaintiff's attorney on the 20th of March, 1857 ; that Butler and his attorney were informed of the entry of judgment on the 13th of January, 1857 ; that the cause against Butler being at issue, was noticed for trial at the Washington circuit on the 4th Tuesday of May, 1857, and that no steps were taken to set aside the judgment in this action, until after the service of notice of trial, when notice of this motion was served for the same circuit.

Mr. Butler swears, that the first knowledge he had of the recovery of the judgment was by letter from his attorney in the fore part of March last, and that the company does not owe plaintiff, but that plaintiff owes the company a balance ; and that the agent on whom the summons was served, is the brother of plaintiff, and that there was a connivance between him and the plaintiff secretly and fraudulently to obtain and suffer a judgment against the company, when nothing was due the plaintiff. In most of these facts he is contradicted by both plaintiff and his brother, and in others by different affidavits, in some of which it is deposed that he (Butler) knew of the commencement of the action against the company, and admitted its indebtedness, and that they had no defence to the action and did not intend to make any, but that the company had no means of paying. Robert M. Jones, the agent, swears that he was the only acting agent and managing officer of the company; that the debt was frequently talked of between him and Butler, and its justice admitted; that he informed Butler, shortly after the commencement of the action, of it, and that Butler replied that the company had no defence but had nothing to pay, and would beat plaintiff on the execution; that the summons was served on him personally, and the reason he did not defend was, that the company had no defence to make to the action. Mr. Buckley swears he paid plaintiff at one time $200 on this debt, at the request of Butler, which was credited, and not included in the jugdment.

The admission of service of summons was signed " R. M. Jones, general agent of The United States Slate Company," but was not verified by affidavit. A motion is also made to set aside the attachment against Butler, on the ground that no undertaking has been filed. It has since been filed.

B. F. AGAN, *for plaintiff.*

O. F. THOMPSON, *for defendant.*

C. L. ALLEN, Justice.  The weight of evidence as derived from the affidavits on both sides, is, that the secretary of the company, Mr. Butler, knew of the action against the company, and of the judgment previous to the fore part of March last, when he admits he knew of it, but swears that he had no previous knowledge.  The affiant deposes that he was informed of the commencement of the suit shortly thereafter; and that he replied there was no defence, but that the company would beat plaintiff on the execution.  He was bound to move promptly as soon as he discovered the irregularity.  If the affidavits on the part of the plaintiff are to be believed, he has slept upon his rights since the recovery of the judgment in October last.  And even if his own affidavit is to be taken as the only true one, he *has omitted* to take any steps to rid himself of the irregularity since the fore part of March last, and did not move until after the action against him on the attachment was noticed for trial at the present circuit.  Within the cases he has been guilty of laches, so as to deprive him, I think, of relief on his motion, for irregularity.  (9 *How.* 75; 1 *Den.* 666; 18 *Wend.* 114, &c. ; 11 *How.* 91.)  It was undoubtedly irregular in the plaintiff to take judgment as he did, when his complaint was not sworn to, but I think he may amend his complaint and verify it now, as he proposes to do ; and under the circumstances, as he swears that the debt is an honest one, (and in that he is supported by other affidavits,) and as he further swears, that he will be in danger of losing his debt if the judgment is set aside, and that the company is utterly insolvent, I am inclined to permit him to amend by filing his affi-

davit of verification of his complaint *nunc pro tunc.* (9 *How.*
31; *Code* 1852, § 176.)

It is objected that there was no legal evidence of the service
of the summons, and that there should have been an affidavit
annexed, verifying the signature of the agent. (5 *How. Pr. R.*
341; 1 *Code Rep. N. S.* 42; 1 *Whit.* 139, 140.) But it turns
out by the affidavit of Jones, that he was the managing agent
of the company, and did actually sign the admission of service
as such agent. Besides, this is an irregularity which should
also have been taken advantage of at the earliest moment, and
the plaintiff may also be at liberty to amend, if he is advised
it is necessary, and annex an affidavit verifying the signature
of the agent. The affidavit is already made, and forms part of
the opposing papers on this motion.

The question then arises on the merits. The affiant Butler,
makes a general affidavit of merits, and claims that the facts
*constituting* it, are detailed in the affidavit. No facts are de-
tailed, except that plaintiff is indebted to the company in the
sum of about $366, and which the affiant swears, he hopes to
be able to prove. He swears, it is true, that the judgment was
obtained secretly, and by collusion with the agent Jones, who
is the brother of plaintiff, and with a view, as he believes, of
defrauding and injuring him. But in this he is contradicted
by three affidavits, all swearing that the debt was not obtained
by collusion, but was honestly due, and that he (Butler) ad-
mitted to them all, that the debt was due, but that plaintiff
must wait until the company had means to pay. His general
affidavit of merits can hardly avail to set aside the judgment
and execution, after the lapse of time since the knowledge of
the commencement of the action, so as to prejudice the rights
of the plaintiff. (*Patterson* agt. *Graves,* 11 *How.* 91.)

The case is a peculiar one. Butler swears that he is the
secretary and treasurer of the company, and that the defence
has merits. R. M. Jones, on the other hand, deposes that he
is a member of the company, being a large stockholder, and
the general and managing agent of the company, and that the
reason that he did not defend was, that he well knew the debt

was a just one, and that the company had no defence. He further swears, that he informed Butler that the suit was commenced against the company, and that Butler agreed with him that there was no defence, but that the company had no means of paying, and that plaintiff must wait until they had means of paying, and that they could beat him on execution. This is not, therefore, the ordinary case of a defendant's asking to be let in to defend on an affidavit of merits. It is one member of a company swearing against another, one affirming and one denying that there is a defence.

Under these circumstances, and the additional facts which appear, that Butler is a non-resident, and has no other property in the state, save that which has been attached; that he has been sued as a member of the company, and that the action can only be maintained on the averment under the section of the act which requires that a judgment shall have been obtained against the company, and an execution returned unsatisfied; that he has, since the service of the attachment, conveyed the land attached to his brother, and that the company are wholly insolvent, it would not, in my judgment, be the exercise of a proper discretion to permit him to come in and hazard all the rights of the plaintiff, which he has by his diligence obtained. I am aware of the rule which has obtained, that the merits ought not to be tried by *affidavit*, and I would be inclined to permit Mr. Butler to come in and defend the action, if by permitting the judgment and execution to stand as security, the plaintiff's rights under his attachment against Butler, might not thus be put in jeopardy, especially as he has conveyed to his brother. As I am not certain on this point, and as he can have no objection to providing security for the payment of any recovery that may be had on the trial, if he has any confidence in the defence which he swears to, I will permit him to come in and interpose a defence, on his making and filing a bond or undertaking, with sufficient surety, who shall justify and the undertaking be acknowledged and filed with the clerk of this court, that he will pay any amount which the plaintiff shall finally succeed in establishing on a trial of said

action, with interest and costs, within thirty days after service of a copy of this order on his attorney, and if he shall do so, all proceedings against him in the action on the attachment, are to be stayed, until after the trial of the action; and the motion to set aside the attachment is to be denied. The plaintiff having had granted him a favor on this motion, no costs are to be allowed to either party.

Order accordingly.