## JENKINS VS. ESTERLY.

*Motion to set aside judgment — Waiver.*

A motion to set aside a judgment for a mere irregularity, should be made promptly, and the right is waived by taking an appeal.

APPEAL from the Circuit Court for *Jefferson* County.

A judgment in favor of defendant, upon the report of a referee, was entered in this cause in March, 1867 ; and, on appeal to this court, one of the grounds relied upon to reverse it was, that no notice of the motion for judgment had been served on the plaintiff.    This court held that such notice should have been given, but that

plaintiff should have taken advantage of the irregularity by applying to the circuit court to set aside the judgment; and it affirmed the judgment. (22 Wis. 128–131.) A motion for a rehearing in that case was denied; and, after the cause had finally been remitted, the circuit court, on plaintiff's motion, set the judgment aside, on the ground that it was entered irregularly. From this order the defendant appealed.

*Murphey & Cravath,* for appellant.

*F. W. Monteith* and *Wing & Gage,* for respondent.

PAINE, J. The motion to set aside the judgment for irregularity should have been denied, because it was made too late. It was made more than a year after the judgment was entered. To warrant the setting aside of a judgment for a mere technical irregularity, the party should be prompt in moving so soon as he has actual knowledge of the judgment. He must do it before he takes any subsequent step in the cause. Here he took an appeal from the judgment, which is itself a subsequent step. And it was only after his failure to reverse the judgment on appeal, that he resorted to this motion. Instead of the appeal, therefore, constituting an excuse for the delay, it constituted a waiver of the irregularity. For, unless the judgment was regular, the party ought to have moved, instead of appealing. That such a motion must be promptly made at the first opportunity, see *Ætna Life Ins. Co. v. McCormick et al.,* 20 Wis. 265; *Patterson v. Graves,* 11 How. Pr. 91; *Jones v. U. S. Slate Co.,* 16 How. Pr. 129.

*By the Court.*—The order is reversed, with costs.