———

In the Matter of FREEMAN J. FITHIAN, Deceased.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Appeal. Conclusion.*—A conclusion that, because there is no evidence of the disposition of the fund by a testator, it came into the possession of his executor, is not a conclusion of law.
2. *Finding of facts.*—From a finding of fact that the testator received and deposited to his own account in bank trust moneys, a conclusion of law cannot be drawn that his executor is to be individually charged with the same.
3. *Same.*—The finding by a referee that there is no evidence upon a certain point is not a conclusion of fact, but is simply a statement of something that has not occurred during the trial, and such finding has no place as a finding of fact.
4. *Same. Upon what heard.*—An appeal, where the evidence is not included in the case, can only be considered upon the findings as sustained by the surrogate upon the confirmation of the referee's report.

Appeal from a portion of the surrogate's decree sustaining certain exception to the report of the referee.

*Cornell, Secor & Paige* (*Noah Davis,* of counsel), for appellant.

*G. W. Cotterill,* for respondent.

VAN BRUNT, P. J.—The evidence upon which the learned

surrogate and the referee passed in coming to the conclusion which they did, not being included in the case, this appeal can only be considered upon the findings as sustained by the learned surrogate upon the confirmation of the report.

The question involved, is whether the accounting party, Mrs. Clark, should be held personally liable for certain moneys which her husband of whom she is executrix had received belonging to the estate of Freeman J. Fithian, deceased.

The learned surrogate held that the respondent, as executrix of her husband, was liable for the moneys mentioned in the referee's report, but he refused to confirm the report so far as it held the respondent individually liable for said moneys.

The referee after finding the state of the accounts, found that the moneys received by said Clark, being the moneys in question, were deposited by him in his own private bank account; and then as a finding of fact found that there is no evidence as to the disposition of the interest of the fund so received by said Clark as such executor, except the payments for which credit is allowed, and also an investment of $5,000 thereof, in the note of Horace Clark. And also, that this accounting executrix, although in possession of said Clark's bank and check books refused to produce the same.

It is clear that the last two findings are no findings of fact at all.

If it was necessary for any purpose for the appellant to offer evidence to sustain a finding of fact that the money received by Clark was deposited by him in his own private bank account, it was necessary for her to procure a finding to that effect and the finding that there is no evidence upon a certain point is not a conclusion of fact, but is simply a statement of something that has not occurred during the trial, and such a finding has no place as a finding of fact.

The same is true in regard to the finding as to the bank and check books. It has no place as a finding or as a conclusion of fact. It is a conclusion upon nothing and is a mere statement of evidence. If from the fact of the nonproduction of this bank and check book, any conclusion was to be drawn that was the proper subject of a finding. If the referee had found and the facts had justified the findings that Mrs. Clark was in possession of that money, that would have been a conclusion of fact, and the question then presented would have been, if the evidence had been before us, whether such conclusion was justified by the evidence. But he has made no such finding and consequently the conclusion charging the respondent individually with this money, rests upon the finding that the money was received by the said Clark and deposited by him in his own private bank account, and upon nothing else.

It would be a novel proposition to hold that simply because the deceased had received money, and had deposited it in his private bank account, that therefore his personal representatives should be held individually liable for that money. It is to be observed that even this finding is not sanctioned by the learned surrogate because he modifies it to a finding that these moneys were deposited by Clark to his individual credit in the Hanover National Bank. Therefore, there is no conclusion of fact which would justify the conclusion of law that the respondent was individually responsible for this money.

And then we find in the conclusions of law a conclusion that there being no evidence of the disposition of such fund so received by said Clark, the same was presumed to have come into the possession of his legal representatives.

How this is a conclusion of law we are unable to comprehend. It is a mere argument tending towards a result. As already stated, the referee might have found that the money came into the possession of the legal representatives of said

Clark, this accounting executrix. But he has not done so. He has simply attempted to argue from the evidence, and the next conclusion is of the same character, where he says that this presumption is strengthened by the fact that said funds were deposited by Clark in his private bank account, and that said executrix, although in possession of said Clark's bank and check books, refused to produce the same. How this is a conclusion of law, it is equally difficult to imagine. Therefore, we are remitted, as already stated, to the naked proposition, that because Clark received this money and deposited it to his own account in the bank, that, therefore, his executrix is to be individually charged with the payment of the same. We entirely concur with the learned surrogate that there is no such rule of law which imposes any such obligation on the respondent.

The decree should be affirmed, with costs.

BRADY and DANIELS, JJ., concur.