(5 Misc. Rep. 220.)

### RAABE et al. v. SQUIER et al.

(Common Pleas of New York City and County, General Term.　October 2, 1893.)

1. APPEAL—EXCEPTIONS—OMISSION OF FACTS NECESSARY TO RECOVERY.
   If the referee's report omits the finding of every fact alleged in the complaint and essential to plaintiff's recovery, exceptions to the conclusions of law raise no question for review on appeal.

2. SAME—NEGATIVE FINDINGS OF FACT.
   In an action to establish a subcontractor's lien, brought against the contractor and the owner of the building, the latter being sued both as owner and as guarantor, a finding, contrary to the evidence, that the owner was not liable as guarantor, is harmless error in the absence of findings of the facts required to establish the liability of the contractor as principal.

3. REFERENCE—FINDINGS—NONEXISTENCE OF FACTS.
   A finding by a referee that the alleged facts on which plaintiff's claim is based do not exist, is not a finding of fact, within Code Civil Proc. § 993, which provides that a finding of fact without any evidence tending to sustain it is reviewable as a question of law.

Appeal from judgment on report of referee.

Action by Henry Raabe and Herman Raabe, composing the firm of H. Raabe & Son, subcontractors and material men, against Albert C. Squier and Nelson M. Whipple, composing the firm of Squier & Whipple, as contractors, and William E. D. Stokes and Francis M. Jencks, as owners, to establish a lien claimed pursuant to the provisions of the mechanic's lien law, (Laws 1885, c. 342,) which was discharged by the order of the court upon the filing of a bond as by the same statute in such cases also provided, and to recover personal judgment against the contractors

and against the owners as alleged guarantors. The issues were referred to Charles A. Runk, Esq., as referee, to hear and determine. The report of the referee directed the dismissal of the complaint for insufficiency of the proof, and from the judgment entered thereon, plaintiffs appeal. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Taylor & Parker, (Alfred Taylor, of counsel,) for appellants.

Alexander Thain, for respondents Squier & Whipple.

Clarence L. Westcott, (Ernest Hall, of counsel,) for respondents Stokes and Jencks.

BISCHOFF, J. Every material allegation of the complaint having been controverted by the several answers of all the defendants, it devolved upon plaintiffs to establish them by sufficient evidence. This they attempted to do, but, having rested after the introduction of direct evidence, the referee, on motion of counsel for all the defendants, dismissed the complaint for insufficiency of the proof. The referee's report omits the finding of every fact alleged in the complaint and essential to plaintiffs' recovery against all or any of the defendants. Exceptions to the conclusions of law are therefore unavailing, (Daniels v. Smith, [N. Y. App.] 29 N. E. Rep. 1098;) and, as the record is destitute of any exception to a refusal by the referee to find as requested on plaintiffs' behalf, no such requests having in fact been submitted, there can be no error apparent for which the judgment appealed from should be reversed, (Wood v. Lary, 124 N. Y. 83, 26 N. E. Rep. 338; Burnap v. Bank, 96 N. Y. 125; West v. Van Tuyl, [N. Y. App.] 23 N. E. Rep. 450.) Nor will the appellate court reverse the judgment merely because, if a request to find has been made, it would have been error to have refused it. Lyons v. Cahill, 55 N. Y. Super. Ct. 553; Hugg v. Shank, (Sup.) 4 N. Y. Supp. 929.

Defendants Stokes and Jencks were sought to be held in the double capacity of alleged owners and guarantors, and the facts required, in addition to those of which the liability of the other defendants was predicated, to authorize plaintiffs' recovery against the first-mentioned defendants, are expressly negatived by the referee's report under so-called "findings of fact" to which plaintiffs have filed exceptions. If we assume these alleged findings to be proper as such, but contrary to the evidence, the error is wholly immaterial in the absence of the facts required to show Squier & Whipple's liability as contractors and principals. As a matter of course, if there are no facts justifying the conclusion that Squier & Whipple are liable as contractors and principals, no right of recovery against Stokes and Jencks as owners and guarantors is shown.

But these so-called "findings" are plainly no findings at all, and the exceptions thereto are equally unavailing. Patterson v. Graves, 11 How. Pr. 91; In re Fithian, (Sup.) 6 N. Y. Supp. 409.

The party to an action against whom relief is sought is not re-quired to establish the nonexistence of the alleged facts on which the claim for relief is predicated. If the alleged facts are not found, or have not been established by the evidence, it follows as the only proper and inevitable conclusion of law that the claim for relief should be denied. Hence the findings of fact which are comprehended by section 1022 of the Code of Civil Procedure refer to an affirmation of the facts upon which the demand for relief is founded, and not to a negation thereof. This is conclusively apparent from sections 992 and 993, which are to the effect that a finding without any evidence tending to sustain it is reviewable, if duly excepted to, as a ruling upon a question of law. It requires no argument to demonstrate that these last-mentioned provisions cannot apply to a mere negation of the facts essential to recovery. We find no merit in the exceptions taken to rulings on the trial. In every instance the testimony excluded was subsequently admitted. The judgment should be affirmed, with costs.

PRYOR, J., (concurring.) Upon the record no error of law or of fact in the decision of the referee is presented for review. No question of law is raised, because the legal conclusions are justified by the findings, (Daniels v. Smith, [N. Y. App.] 29 N. E. Rep. 1098,) because no finding is wholly without evidence, (Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. Rep. 482,) and because there was no refusal of a request to find, (Code, § 993.) Neither is any question of fact before us, because the appellants made no request for a finding. Hugg v. Shank, (Sup.) 4 N. Y. Supp. 929; Bish. Code Pr. 395; 2 Rum. Pr. 334. Facts not found, and as to which no finding was requested, may not be considered for the purpose of reversing a judgment. Burnap v. Bank, 96 N. Y. 126; Thomson v. Bank, 82 N. Y. 1.