### ALTERNATIVE REMEDY BARRED BY ELECTION.

Circuit Court of Cuyahoga County.

JOSEPH KESTING v. THE EAST SIDE BANK COMPANY.*

Decided, November 10, 1905.

*Election of Remedy—Action to Vacate Judgment After Term—Barred by Election to Prosecute Error—Failure to Set up All Defenses—Sections 5305, 5309 and 5354, Revised Statutes.*

An action to vacate a judgment after term will not lie where it appears that the petitioner had previously and without success prosecuted error to the same judgment, without then alleging as ground for a new trial the matters of complaint of which he was then aware and on which he now relies.

*Blandin, Rice & Ginn,* for plaintiff in error.

*Shmurk & Thompson* and *Hills, McGraw & Van Derveer,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the court of common pleas.

The parties to this proceeding in error stand in the same relation as in the court below. That court dismissed plaintiff's petition, filed under favor of Section 5354, Revised Statutes, to vacate a judgment rendered against him at a previous term on a cognovit note for more, as he now claims, than was due. The failure of the court to vacate that judgment is the error here assigned.

The parties live in Toledo, and plaintiff was an accommodation maker of the cognovit note in controversy, to the East Side Bank as payee. He claims that at the time of the delivery of the note, the bank agreed with him that the same was to be amply secured by a chattel mortgage of the principal maker; that the plaintiff's name was required upon the note merely to comply with the bank's rules, and that he would never be re-

---

* Affirmed without opinion, *Kesting* v. *East Side Bank,* 76 Ohio State, 591.

quired to pay the same. He further claims that such a chattel mortgage was in fact given soon afterwards; but that the bank, at the instance of the principal maker of the note, omitted to file it, whereby the lien was lost; that the principal maker having meanwhile departed from the state leaving no property here, the bank, without notice to the plaintiff, procured judgment to be rendered against him in Cuyahoga county. The plaintiff further claims that he is ignorant of the residence of the principal maker of the note, and that on this state of facts he is entitled to have the judgment vacated.

On the trial below the defendant offered in evidence the record in the primary case, from which it appears that a proceeding in error was then unsuccessfully prosecuted in this court for alleged error consisting of misnomer of the defendant therein. But the points made in the present action were not litigated in that proceeding. No reason appears why the plaintiff might not have done so; for, when he became aware of the judgment, he was entitled, under Section 5309, Revised Statutes, and chapter 5, commencing with Section 5305, to apply for a new trial upon the ground of accident or irregularity. He chose not to take this course, preferring instead to rely wholly upon the alleged misnomer. No doubt Section 5354, which he now invokes, afforded a cumulative, or rather an alternative, remedy. That is to say, he was entitled to resort to it, in the first instance, rather than to Section 5309, if he desired to do so. But having prosecuted error to the former judgment, without first applying for a new trial upon the grounds then known to him, we think he is now debarred, by his election, from seeking anew the relief which was then available. *Becker* v. *Walworth*, 45 O. S., 169, 173; *Buell* v. *Cross*, 4 Ohio, 327, 330.

In *Pollock* v. *Cohen*, 32 Ohio State, 514, it was held that a second petition in error, upon the same record, but upon new grounds, known but not asserted before, will not be entertained.

In *Kunneke* v. *Mapel*, 60 Ohio St., 1, it was held that a party defending is bound to set up all matters which are strictly matters of defense, and if he fails to do so, he can not afterwards relitigate the controversy, upon the omitted issues. See also

*Neugut, Trustee*, v. *Brinkenhoff, Sr.*, 67 Ohio State, 472, and *Jenkins* v. *Easterly*, 24 Wis., 340, a case very like the one before us. It is true there is a contrary intimation in *Parker* v. *Haight*, 14 C. C., 548; but that was a mere dictum and not necessary or even pertinent to the decision.

Entertaining the view thus indicated, we find it unnecessary to discuss the sufficiency of the defense to the primary action as now offered; though it may be doubted whether the prayer of the petition to vacate should have been granted on its merits, in view of the seeming authority of *Shaul* v. *McCauley*, 34 B., 278, affirmed without report, 53 Ohio State, 676.

The judgment below is affirmed.