### REED v. ZIMMERMAN.

(*City Court of New York, General Term.* October 24, 1892.)

**1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.**
　　In an action for money loaned, a judgment based on the finding of a referee as to the amount remaining unpaid will be affirmed if on examination of the whole case there appears to be sufficient evidence to sustain his finding.

**2. EVIDENCE—DOCUMENT PRODUCED ON NOTICE.**
　　A book or document produced on the call of the adverse party, but not used by him, does not thereby become evidence against him.

Appeal from judgment on report of referee.

Action by Charles G. B. Reed against Henry C. Zimmerman for money loaned. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*McMahon & Handley,* for appellant. *Henry Hartman,* for respondent.

McCARTHY, J. This is an appeal by the defendant from a judgment in an action for money loaned. The cause came on for trial at a trial term of this court on the 16th day of December, 1891, and upon consent of the parties was referred to Isa O. Miller, Esq., as referee, to hear and determine. The issues were tried at great length before the referee, who rendered his report directing judgment as demanded in the complaint, and judgment was entered accordingly on May 26, 1892.

In the month of December, 1887, plaintiff, whose business is that of a bookkeeper and cashier, entered the employ of the defendant, then engaged in the retail flour business. Plaintiff was employed upon the books, having almost exclusive charge of the deposits of cash and checks and of payment by checks. He assisted also as cash collector and salesman, and, after he had been in plaintiff's employ about six months, began to negotiate temporary loans for, and to make such loans personally to, the defendant, to enable him to meet the financial exigencies of his business, and make payments when they became due. About the first of these transactions was in July, by a check of the plaintiff to the defendant for $1,175. Then followed a long series of loans of this nature, continuing down to the time when the plaintiff left the defendant's employ. These transactions usually consisted in the plaintiff's depositing to defendant's credit in the West Side Bank his own personal check for whatever sum might be necessary for the defendant's needs for the day. Against these deposits the defendant drew to meet current demands, and on the following morning gave plaintiff whatever cash might be on hand, and a check to the order of currency for the balance. These currency checks were cashed by plaintiff, and, with the cash received from the defendant, deposited in plaintiff's bank, to meet his check of the day previous. These transactions are variously referred to as "accommodation checks," "check items," and "check kiting," but both plaintiff and defendant agree that these transactions between them from day to day were balanced and adjusted at once, sometimes by cash, sometimes by check, sometimes by both.

In addition to these temporary loans, if loans they can be called, and altogether outside them, plaintiff loaned defendant three specific sums of

money upon definite terms of credit, as follows:   March 15, 1890, $464; May 5, 1890, $800; June 24, 1890, $20,—total, $1,284.   Upon account of these loans plaintiff received payment of the amounts set forth in folios 13 to 15, on page 5, aggregating $756.75, leaving a balance of $527.25, for which this suit was brought.   The above loans are unquestioned by defendant, and both parties agree that the sums credited on page 5 were paid to plaintiff on or about the dates named. . Defendant, however, claims to have made four other payments on account of these loans, all of which plaintiff denies, and which are set out in defendant's statement, Exhibit 24.   These alleged payments are as follows:   July 11, 1890, by check, $135; July 16, 1890, by check, $259.80, and by check, $140.20,—$400; I O U of Mallon, $45; discount of Candeville· notes, $25,—total, $605.   It is claimed by the defendant that, if these credits had been allowed him, the plaintiff would be found· indebted to the defendant.   The case was fully tried before the referee, and considerable evidence and exhibits presented, and was strongly contested on both sides.   It involves purely a question of fact.   The referee, having had the witnesses, who were the principals, before him, was the best to judge and determine their credibility, and how much weight should be given to their evidence. No matter how inconsistent portions of the evidence may seem, we must consider the whole case.   We think from an examination that there is sufficient evidence to sustain the referee.   The exceptions were properly overruled.

There is no such rule that, upon a party being notified by the adverse party to produce a book or document, and it is produced on such call, on the failure of the party calling for the same to use it, it becomes evidence against him.   The cases cited by the appellant in my judgment are authorities against him.   See *Carradine* v. *Hotchkiss*, 120 N. Y. 611, 24 N. E. Rep. 1020, and *Smith* v. *Rentz*, 131 .N. Y. 174, 175, 30 N. E. Rep. 54.   For the reasons above stated, the judgment should be affirmed, with costs.   All concur.