NOTE.—This case is reported in order that the profession may be advised of the practice of the superior court, as to granting motions by default. Although the practice is uniform, it does not seem to be well understood, and much confusion results, which might be avoided, if it was borne in mind.

SUPREME COURT.

MICHAEL MILLER agt. PHILIP GARLING.

In an action for the recovery of the possession of a heifer, which was secretly taken from the possession of the plaintiff by the defendant, damages are recoverable for time spent and expenses incurred by the plaintiff in searching for the heifer, after she was taken by the defendant.

Where the plaintiff had not claimed such damages in his complaint, he was allowed to amend the same on the trial without terms, by inserting therein allegations to entitle him to such damages, the defendant not being able to show he had any absent witness material to the claim for such damages.

*Madison Circuit, February*, 1856.

BALCOM, *Justice, presiding*.

This action was brought to recover the possession of a heifer. There was evidence tending to show the defendant secretly took the heifer from the plaintiff's possession. The plaintiff offered to prove, on the trial, that he and his servants spent several days in searching for the heifer, after she was taken by the defendant, before he found her, as part of the damages he sustained by reason of the taking and detention of the heifer by the defendant.

The People *ex rel.* Baldwin agt. The Board of Sup's of Livingston Co.

The defendant objected to the evidence on the ground that no such special damages were claimed in the complaint.

DUANE BROWN, *for plaintiff.*
M. J. SHOECRAFT, *for defendant.*

BALCOM, Justice, overruled the objection, and gave the plaintiff leave to amend his complaint on the trial, by inserting a claim for such special damages. (*Bennett* agt. *Lockwood*, 20 *Wend.* 223.)

The defendant's counsel objected to the amendment, and claimed the defendant was not then prepared to meet such evidence. The judge remarked that the defendant must show he had some absent witness material to the claim for the special damages, before he would refuse to allow the plaintiff to amend his complaint, but no such proof was made, and the amendment was allowed without terms.