THE DAVIS SEWING MACHINE COMPANY OF WATER-
TOWN, N. Y., RESPONDENT, *v.* WILLIAM J. BEST, AS
RECEIVER OF THE NATIONAL TRUST COMPANY OF THE CITY
OF NEW YORK, APPELLANT.

*A case must show that it contains all the evidence bearing upon findings of fact sought
to be reviewed — when an objection to the admission of evidence not taken at the trial
cannot be raised on appeal — the plaintiff in an action of trover may recover as
damages a reasonable allowance for time and expenses in endeavoring to recover the
property.*

Upon the trial of an action, brought to recover certain coupon bonds or notes, against
the defendant, as receiver of the National Trust Company of the City of New York,
the court found that the plaintiff owned seven of the coupon notes in question,
and that the receiver wrongfully refused to deliver them, when demanded of
him, after he was appointed, and that he had them and did wrongfully detain
them; that the Trust Company, prior to the appointment of the receiver, wrong-
fully refused to deliver the said coupon notes to the treasurer of the plaintiff,
when he demanded them on its behalf, and also wrongfully refused to deliver
them when one Bradley Winslow, the agent and attorney of the plaintiff, on its
behalf, demanded them, and that then and thereafter the Trust Company wrong-
fully detained them; that the value of the said seven coupon notes was, at
the time of the trial, six cents; that the plaintiff had sustained damages by the
wrongful receiving and detaining of said seven coupon notes, in the sum of
eighty dollars and eighty-six cents for expenses incurred by it in sending Brad-
ley Winslow to New York and for his services, and for the interest thereon up
to the time of the trial, and found, as matter of law, that the plaintiff was enti-
tled to a judgment for the possession of the coupons, or their value as above
found, and also for the said sum of eighty dollars and eighty six cents for the
wrongful receiving and detaining of the coupon notes by said Trust Company
and the defendant, as receiver, and for the costs of the action.

*Held,* that as the case did not show that it contained all the evidence, or all bearing
upon the findings of fact sought to be reviewed, it must be assumed that the
evidence was sufficient to sustain them.

*Porter* v. *Smith* (35 Hun, 119; affirmed, 107 N. Y., 531).

That as no objection was made upon the trial, when the evidence to show the
expenses incurred in sending Winslow to the Trust Company to make a demand
for the coupon notes was given, on the ground that the complaint did not suf-
ficiently aver the damages sought to be proven, such objection could not be
considered on the appeal.

*Miller* v. *Garling* (12 How., 203) followed.

That the plaintiff was properly permitted to recover a reasonable allowance for the
expense incurred in endeavoring to recover the possession of the coupon notes.
(MARTIN, J., dissenting.)

*Bennett* v. *Lockwood* (20 Wend., 223); *Wibert* v. *New York and Lake Erie Railroad Company* (19 Barb., 48); *McDonald* v. *North* (47 id., 532) followed; *New York Guaranty and Indemnity Company* v. *Flynn* (55 N. Y., 653); *Allen* v. *Fox* (51 id., 562) distinguished.

APPEAL from a judgment, entered in the office of the clerk of Jefferson county on December 27, 1887, awarding to the plaintiff the possession of seven coupon notes, and eighty dollars and eighty-six cents damages for detention and $1,182.08 costs, on a decision made at the Jefferson Circuit in September, 1887, by the court, a jury trial having been waived.

The action was commenced on February 12, 1878, to recover the possession of "ten promissory notes (commonly called bonds) of the Davis Sewing Machine Company of Watertown, New York, of $1,000 each, with interest coupons attached, all payable at the National Trust Company of the City of New York," with damages for their detention.

The defense is that these bonds are in the possession of the defendant as a *bona fide* holder for value, as collateral security for the payment of $10,000, the balance of a loan made thereon by defendant to the Security Bank of Watertown, with interest thereon from October 12, 1875.

The case has been three times tried, and the decision of the Court of Appeals reversing the former judgment of this General Term will be found in 105 New York, pages 59 to 68.

Upon the trial now under review, the court found as a matter of fact that the defendant herein as receiver wrongfully refused to deliver the said seven instruments, called coupon notes, when they were demanded of him after he was appointed receiver, and that he "ever since has, and now does, wrongfully detain them."

The court also found, as matter of fact, viz.: "The Trust Company wrongfully refused to deliver these seven unsigned instruments called coupon notes to Johnson, the treasurer of the plaintiff, when he demanded them on behalf of the plaintiff, in March, 1876, as hereinbefore found, and then and thereafter the Trust Company wrongfully detained them."

The court also found, as a matter of fact, viz.: "22d. The Trust Company wrongfully refused to deliver these same seven coupon notes or instruments when Bradley Winslow, the agent and attorney

of the plaintiff, on its behalf, demanded them in 1876, as hereinbe-
fore found, and then and thereafter the Trust Company wrongfully
detained them."

Also, " 26th. That the value of said last named seven instru-
ments, called coupon notes, is and was at the time of the trial, the sum
of six cents.   27th. That the plaintiff has sustained damages by
the wrongful receiving and detaining of said seven instruments
called coupon notes, in the sum of eighty dollars and eighty-six cents
for the expenses incurred by them in sending Bradley Winslow to
New York, as found in the fourteenth finding of fact, and his
services, and for the interest thereon to the present time."

As a matter of law the court found, viz. : " 1st. The plaintiff is
entitled to judgment against the defendant for the possession of said
seven instruments called coupon bonds, last above-mentioned, or
for the said value thereof, as hereinbefore found, if the said seven
bonds are not delivered to the plaintiff, and, also, for the said dam-
ages to the amount of eighty dollars and eighty-six cents hereinbe-
fore found for the wrongful receiving and detaining of the said
bonds by said Trust Company and the defendant as receiver, and,
also, for the costs of this action ; and judgment is herein directed
accordingly in favor of the plaintiff and against the defendant."

On the 1st day of March, 1875, Johnson, the treasurer of the
plaintiff, visited the city of New York and applied to the National
Trust Company for the bonds in question, and in the interview with
the officers of the Trust Company " they said they had not pur-
chased any of them, but they held some of them as collateral
security for a loan of $5,000 to the Security Bank, and they showed
the bonds to Johnson.   He informed them that these bonds belonged
to the Sewing Machine Company, and that neither the Security
Bank or Winslow had any right or authority to use them to secure
a loan to the bank or any other party ; that they were in Winslow's
hands to sell for the plaintiff.   The officers of the Trust Company
then said to Johnson that the matter should be arranged at once,
and they did write to the Security Bank immediately, and this loan
was at once arranged by the Security Bank and these bonds
returned to the plaintiff.   These bonds were signed by both Johnson
as treasurer and Winslow as president of the plaintiff."

It was found, as a fact, that the seven bonds in question " were

not, nor was either of them, signed on behalf of the company by its president as directed and required by it to make them its negotiable notes. * * * This defect appeard plainly on the face of each of these seven instruments called coupon bonds or notes, when they were delivered to and received and retained by the Trust Company as above stated. These were, and each of them was, the property of the plaintiff, and they were wrongfully and fraudulently delivered to the National Trust Company as security for the loan by it to the Security Bank, as hereinbefore found, and they ever afterwards continued to be and are the property of the plaintiff."

There is no certificate that the case contains all the evidence given upon the trial. The only question raised in the argument of this appeal relates to the damages awarded to the plaintiff for the expenses incurred "in sending Bradley Winslow to New York, as found in the fourteenth finding of fact," and in the twenty-seventh finding of fact.

*Delos McCurdy* and *John Yard*, for the appellant.

*Charles D. Wright*, for the respondent.

HARDIN, P. J. :

Because the case does not show that it contains all the evidence, or all bearing upon the findings of fact sought to be reviewed, we must assume that the evidence was sufficient to sustain the findings of fact. (*Porter* v. *Smith*, 35 Hun, 119; affirmed, 107 N. Y., 531.) In that case we said, viz.: "It is apparent that an appellate court cannot intelligently consider a question of fact unless all of the evidence bearing upon it is before the court; and where a question of fact is sought to be reviewed it should be stated in the case that it contains all of the evidence, or all bearing upon the questions of fact sought to be reviewed. * * * It is the duty of the appellant to present a case so made up and settled that the error complained of be manifest, and not leave the court to indulge in presumptions to overthrow decisions."

When the evidence was offered to show the expenses incurred in sending Winslow to the Trust Company to make a demand for the coupon notes, there was no objection taken that the complaint did not sufficiently aver the damages sought to be proven by the wit-

ness. No such objection can now be heard. Had such an objection been taken at the trial, presumably the court would have allowed the complaint to have been amended, as was allowed in *Miller* v. *Garling* (12 How., 203.) In that case an action was brought to recover the possession of a heifer which was secretly taken from the possession of the plaintiff by the defendant, and it was held that damages are recoverable for the time spent and expenses incurred by the plaintiff in searching for the heifer after she was taken by the defendant; and upon the trial an amendment to the complaint was allowed by inserting a claim for such special damages.

In *Bennett* v. *Lockwood* (20 Wend. 223), it was held that damages are recoverable "by a bailor for time spent and expenses incurred for searching for property wrongfully taken from the possession of a bailee." The doctrine of that case has been followed in *Wibert* v. *New York and Erie Railroad Company* (19 Barb., 48), and in *McDonald* v. *North* (47 id., 532). In the latter case, the rule as to the measure of damages in an action of trover is said to be the value of the property taken with interest; and the court adds, viz.: "But this rule has many exceptions, and among them is the case where the plaintiff, being the true owner, has been subjected to the loss of time or the payment of money in searching for the property unlawfully taken, in which case a reasonable allowance may be made by the jury for such time and expense, in addition to the value of the property and interest  *  *  *  and a reasonable allowance for the time and expense incurred by the plaintiff, in endeavoring to reclaim the property, was a damage immediately proximate to the wrong act of the defendant."

Our attention is called, by the learned counsel for the appellant, to the *New York Guaranty and Indemnity Company* v. *Flynn* (55 N. Y., 653). There it was said, in an action to recover the possession of personal property, that "in the absence of any proof that the damages are more or less than the interest on the value, the presumption is that the damages are the interest during the time that the successful party was wrongfully deprived of the use." We see nothing in that case which aids the appellant. And in *Allen* v. *Fox* (51 N. Y., 562), it was said that in an action to recover the possession of personal property, if it has a useable value, the value of its use during the time of its detention is a

proper item of damages. We see nothing in that case which aids the argument of the appellant.

Accepting, as we must, the findings of fact made by the trial judge, inasmuch as the appellant is not in a situation to have a review of them, we are of the opinion that the conclusion of law pronounced upon the findings of fact was correct.

The judgment should be affirmed, with costs.

MARTIN, J. (dissenting):

This action was against the defendant, as receiver of the National Trust Company of the city of New York. It was to recover of the defendant the possession of the bonds in question, on the ground that they were unlawfully detained by him. In the complaint it was alleged that the plaintiff owned the bonds; that they came into defendant's possession; that, upon the plaintiff's demand, the defendant refused to surrender them, and unlawfully detained them from the plaintiff. This action was based upon a demand, upon the defendant, for the bonds and his refusal to surrender them, and not upon any demand made upon the Trust Company, or upon any unlawful conversion, detention or act by it. Under this complaint it was held that the plaintiff was entitled to recover of the defendant the sum of eighty dollars and eighty-six cents for the expense of sending a lawyer to New York to demand the bonds of said company before the defendant was appointed receiver, and notwithstanding the fact that the bonds had already been demanded of the company by the plaintiff. It is not apparent to me how this recovery can be upheld. I am aware of no principle that would justify it. The general rule of damages in actions like this is well settled. A party entitled to damages for the detention of personal property is entitled to recover the interest upon its value, or the value of its use, during the period of its unlawful detention. If properly pleaded, special damage may, perhaps, be recovered in such an action, where such damage is the necessary consequence of the defendant's wrongful act, and is the immediate, and not remote, result of it. I do not think the proof in this case sufficient to justify the recovery of such expenses as special damage. How the expenses allowed in this case can be said to have resulted from

the detention of these bonds by the defendant, after he became receiver, 1 cannot understand. The cases referred to in the opinion of Judge HARDIN are clearly distinguished from this, and do not, I think, sustain a doctrine which would justify the recovery in this action. I am of the opinion that the court erred in permitting the plaintiff to prove such expenses, and in including the amount in the damages awarded.

For such error the judgment should be reversed.

Judgment affirmed, with costs.