### HUGG et al. v. SHANK.

*(Supreme Court, General Term, Fifth Department. March, 1889.)*

1. REFERENCE—EXCEPTIONS TO REPORT.
     Code Civil Proc. N. Y. § 992, in terms precludes an exception to a finding of fact by a referee as such. Section 993 declares a finding of fact without any evidence tending to support it, or a refusal to make a finding when reasonably requested, to be a ruling upon a question of law. *Held,* that the only mode of reviewing a finding of fact by a referee as being against the weight of evidence is by a request to find, and an exception to the refusal.

2. EVIDENCE—OPINION.
     In an action for the foreclosure of a mechanic's lien, where the point in controversy is as to whether the ceilings were as high as required by the specifications, a question asked a witness, "In measuring for a nine-foot ceiling from what points do you measure?" does not call for a matter of opinion, but for a custom or rule of the trade.

Appeal from judgment on report of referee.

Action by Robert R. Hugg and others against Lydia A. Shank to foreclose a mechanic's lien. Judgment for plaintiffs, and defendant appeals.

*Woodin & Warren,* for appellant. *L. A. Pierce,* for respondents.

DWIGHT, J. · The conclusions of law of the referee were fully warranted by his findings of fact. No one of those findings seems to have been without some evidence tending to sustain it, and the question whether any such finding was against the weight of evidence is not presented by any exception contained in the record before us. There was no request to find otherwise than as found by the referee, and, of course, no exception to any refusal so to find.

Section 992 of the Code of Civil Procedure, in terms, precludes exceptions to findings of fact as such; but section 993 declares a finding of fact which is without any evidence tending to sustain it—or a refusal to make any finding, reasonably requested—to be a ruling upon a question of law, and subject to exception, as such, under section 992,—from which it results that the only mode of reviewing a finding of fact of a court or referee, as being against the weight of evidence, is by means of a request to find and an exception to the refusal to find as requested. The defendant's exceptions to findings of fact were therefore unavailing, and those findings are not subject to review on this appeal. Only two or three of the exceptions taken on the trial are presented in the argument of counsel, and but one of them seems to require remark. One of the objections made to the plaintiffs' performance of their contract was that the ceilings of the second story were not as high as required by the specifications. A witness called by the plaintiff was asked: "In measuring for a nine-foot ceiling, from what points do you measure?" The question was objected to as "incompetent and immaterial, and not subject of opinion." The answer was properly admitted. The question called, not for a matter of opinion, but for a custom or rule of the trade. There was no objection to the competency of the witness, and the matter of his answer was competent, under the rule established by such cases as *Walls* v. *Bailey,* 49 N. Y. 470, (quoting *Boorman* v. *Jenkins,* 12 Wend. 573;) *Hinton* v. *Locke,* 5 Hill, 437; *Whitney* v. *Manufacturing Co.,* 2 N. Y. Supp. 438. See, also,

*Johnson* v. *De Peyster*, 50 N. Y. 666. There is no other exception which seems to require discussion. The judgment should be affirmed, with costs. All concur.