## CLARK *v.* SWIFT.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

REVIEW ON APPEAL—FINDINGS OF REFEREE.

Where, on trial of an action by a referee, no request is made, as provided by Code Civil Proc. N. Y. § 993, for a finding on a question of fact the evidence as to which is conflicting, an appellant from the decision cannot claim a reversal on the ground that the preponderance of evidence was in his favor. The decision of the referee must be affirmed if supported by any evidence.

Appeal from judgment on report of referee.

Action by George R. Clark against Simon P. Swift. Defendant appeals from a judgment for plaintiff entered on trial by a referee. Code Civil Proc. N. Y. § 993, provides: "Upon the trial of an issue of fact by a referee or by the court without a jury, a refusal to make any finding whatever upon a question of fact, where a request to find thereupon is seasonably made by either party, or a finding without any evidence tending to sustain it, is a ruling upon a question of law, within the meaning of the last section." Section 992, referred to therein, provides: "An exception may be taken to the ruling of the court or of a referee upon a question of law arising upon the trial of an issue of fact."

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. J. Swift,* for appellant. *Charles F. Whitcher,* for respondent.

MACOMBER, J. This action was brought to recover a balance of an account for labor and services rendered by the plaintiff to the defendant, beginning January 1, 1874, and ending May 1, 1887. The complaint sets forth such employment to be that of a traveling salesman between these dates. It contains also certain other allegations of an adjustment of accounts and a settlement thereof when a balance was found due to the plaintiff December 5, 1874; but these allegations touching an adjustment of accounts are unim-

portant, inasmuch as the referee has found against the plaintiff thereon. The answer does not deny the contract as it is set forth in the complaint; on the contrary, it substantially admits that the plaintiff was entitled to a salary of $40 a month between August 4, 1886, and May 1, 1887. There was an allegation in the complaint for additional services, amounting in all to $65 per month during four months when the defendant was absent attending to legislative duties at Albany. The whole case presented a question of fact, and, with the exception of a discrepancy between the dates of employment and the claim to additional services, there is no substantial dispute between the parties. The appellant, however, now presents two questions on this appeal under which he claims there should be a new trial of the issues. One of them is that the referee has failed to make allowances for lost time of the plaintiff while in such employment; but to this it may be said that there is no defense of the kind set forth in the answer, and that the evidence, considered as a whole, shows that such rebate is not warranted by the fact. The other question presented relates to the allowance of $100 for extra compensation of the plaintiff during the four months above mentioned. This allowance, as made by the referee to the plaintiff, is supported by the testimony of both the plaintiff and his wife; and, while the defendant controverts it in his evidence, the decision of the case made by the referee was based upon what appears to us as well as to him to be a fair preponderance of the evidence. A further answer to the points thus presented upon the appeal is the fact that the appellant did not request the referee to find upon either of these matters in favor of the defendant, and that consequently there is no exception in the case to the refusal or failure of the referee thus to hold. Under section 993 of the Code of Civil Procedure it is the duty of a party, where there is conflicting evidence, to request a finding in accordance with the contention of the party, and, in case of refusal of such request, it would be the duty of the appellate court to look carefully into the evidence, and determine whether or not the conclusion reached by the referee was correct. A refusal to find upon the fact one way or the other would be a ruling upon a question of law, and thus available to the appellant upon the appeal. The finding by the referee, or by the court on a trial without a jury, of a fact which was not supported by any evidence, would, of course, be an error of law, and available upon appeal under the same provision of the Code; but this is not such a case. The appellant has not placed himself in a position to claim that the preponderance of the evidence was in his favor because he has omitted to ask the referee to find in accordance with his contention. That there is some evidence in the case to support the finding of the referee is not even disputed by appellant's counsel. Under these circumstances it is our duty to affirm the judgment. We have, however, looked into the testimony, and do not hesitate to say that the referee's conclusions were well supported by a preponderance of the evidence before him. The judgment appealed from should be affirmed.

All concur.