(4 Misc. Rep. 190.)

DIBBLE v. DIMICK.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. APPEAL—RECORD—WHEN FACTS NOT REVIEWED.
    Where there is in the appeal book a statement that "this case contains all the testimony taken on the trial of this action," instead of the statement that the case contains all the evidence taken on the trial, the facts are not brought before the court at general term for review.

2. SALES ON COMMISSION—ON WHAT COMMISSIONS ARE PAYABLE.
    Where, in an action for services rendered in the sale of goods, it appears that defendant agreed to pay plaintiff a certain per cent. commission on all goods sold by him, and that the same became due at the time of sale and delivery of the goods to the purchasers, plaintiff is entitled to commissions on goods ordered through him before, and delivered by defendant after, his discharge.

3. AUTHORITY OF AGENT—STATEMENTS OF PRINCIPAL.
    In such case, evidence of the statements of defendant to plaintiff and others as to the authority of the former's son to act for him in relation to his business, is not objectionable as hearsay or as being incompetent

4. BOOKS OF ACCOUNT—ALTERATION—EVIDENCE.
    Where, in such action, defendant's books are produced before the referee, it is not error to permit plaintiff to testify to facts as to whether or not a change had been made in such books.

5. EVIDENCE—OBJECTIONS—RELEVANCY AND MATERIALITY.
    Where it is not shown that merely irrelevant or immaterial evidence injured the unsuccessful party, the judgment will not be disturbed on account of its admission.

Appeal from judgment on report of referee.

Action by John W. Dibble against Jeremiah W. Dimick to recover a balance alleged to be due plaintiff for services rendered defendant in the sale of goods on commission. From a judgment entered on the report of a referee in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James G. Gardiner, (E. A. Hibbard, of counsel,) for appellant.
Ira G. Darrin, (Eugene S. Ives, of counsel,) for respondent.

BOOKSTAVER, J. This action was brought to recover plaintiff's commissions as a salesman. The answer is, in effect, a general denial. There is no statement contained in the appeal book that the case contains all the evidence taken on the trial, but, instead of that, there appears the following: "This case contains all the testimony taken on the trial of this action." It has been repeatedly decided of late that the latter of these statements is not the equivalent of the former, and that under such a statement the facts are not brought before the court at general term for review. Hyman v. Friedman, (Com. Pl. N. Y.) 18 N. Y. Supp. 446; Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. Rep. 1022; Upington v. Pooler, (Sup.) 19 N. Y. Supp. 428; Halpin v. Insurance Co., 118 N. Y. 166, 23 N. E. Rep. 482; Brayton v. Sherman, (N. Y. App.) 23 N. E. Rep. 471; Porter v. Smith, 107 N. Y. 531, 14 N. E. Rep. 446; Claflin v. Flack, (Com. Pl. N. Y.) 13 N. Y. Supp. 269; Bradley Fertilizer Co. v. South Publishing Co., 23 N. Y. Supp. 675, (decided at this general term,) and cases therein cited. None of the questions, therefore, raised by the appellant upon this appeal, in any wise depending upon the evidence, can be reviewed by us. Nor can we inquire whether the conclusions of the referee are against the weight of the evidence, nor even whether they have evidence to support them. As we understand the law, we can only review those exceptions which raise questions of law, purely. The referee has found that the defendant agreed to pay the plaintiff 2 per cent. upon all goods sold by him, and also that such commissions became due and payable at the time of the sale and delivery of the goods to the respective purchasers. These findings furnish a warrant for awarding commissions on goods ordered through plaintiff before his discharge, and delivered by the defendant after his discharge. The referee's interpretation of these findings evidently was that the commissions became due and payable on delivery of the goods, whether before or after the plaintiff's discharge. The fifth finding is that there was not any new or different agreement as to compensation, and there is no exception to this finding by defendant; therefore a review of all of these questions is precluded for the reasons before stated; and it also seems to us to preclude the defendant from claiming that the contract was modified by the plaintiff's computing and receiving part of his commissions at 1 per cent. The only questions that can be reviewed here are as to the competency of certain evidence introduced by the plaintiff. He was asked by his counsel the following question: "Have you ever had any conversation with Mr. Dimick, Sr., with respect to the authority of Mr. Dimick, Jr., to represent his father in the business affairs of Mr. Dimick, Sr.?" which was objected to by defendant's counsel as hearsay. Also the following question: "Please state what conversation you had with him;" which was objected to on the same ground. Both of the objections were overruled, and the defendant duly excepted. Inasmuch as the plaintiff could establish the authority of the son to act for the father in his business by declarations of the latter,

these questions did not call for hearsay evidence, but for admissions made by the defendant against his interest, and were neither incompetent nor hearsay. A number of exceptions were taken to similar questions asked concerning statements or admissions made by the defendant to the plaintiff and others, but they were all admissible upon the same ground, and no error was committed in overruling the objections. Certain books of the defendant were produced before the referee, and various questions were asked of the plaintiff concerning them, and what they contained, at a former period of time, which were objected to by defendant, the objection overruled, and the defendant excepted. These questions did not call for the contents of the books as presented, but facts as to whether a change had been made in them or not, and they were clearly competent for that purpose, and there was no error in admitting them. The other objections and exceptions were all of a like character, and must fall with these, except those which were merely to the relevancy and materiality of evidence; and in these cases it is the appellant's duty to show how merely irrelevant or immaterial matter injured him or influenced the referee, which has not been done in this case.

The judgment must therefore be affirmed, with costs. All concur.