(5 Misc. Rep. 228; 23 Civil Proc. R. 171.)

### McENTYRE v. TUCKER.

(Common Pleas of New York City and County, General Term. October 2,. 1893.)

1. APPEAL—REVIEW OF QUESTIONS OF FACT—CERTIFICATE.
   A certificate annexed to the case on appeal, that "the annexed case contains all the evidence bearing upon the exceptions taken upon the trial," is sufficient to warrant the general term in reviewing the facts on appeal. Hyman v. Friedman, (Com. Pl. N. Y.) 18 N. Y. Supp. 446, and Dibble v. Dimick, (Com. Pl. N. Y.) 23 N. Y. Supp. 680, distinguished.

2. CONTRACTS — ARCHITECT'S CERTIFICATE — WORK TO BE DONE TO SATISFACTION OF ARCHITECT.
   A certificate which is not signed by the architect, but by his assistant for him, is not such a certificate as is called for by a building contract which requires the contractor to do and finish the work under and to the satisfaction of the architect, and provides that payments shall be made on the certificate of the architect that the work has been done to. his satisfaction; that any question arising respecting the contract shall be referred to the architect, whose decision shall be final; and that no certificate made under the contract shall be conclusive evidence of its. performance.

3. SAME—WAIVER OF CERTIFICATE.
   Payments on account of the work done on the contract, made on a. certificate signed by the architect's assistant, which payments are required to be made, by the terms of the contract, when certain stages of the building are reached, are not a waiver of the right under the contract to a final certificate signed by the architect himself.

4. SAME—MATERIAL ALTERATIONS—ORNAMENTATION OF BUILDING.
   The ornamentation of a building is matter of substance, and variations, changes, and omissions from the specifications constitute a breach of the contract.

Appeal from judgment on report of referee.

Action by Patrick B. McEntyre against Charles A. Tucker to recover the value of the work performed by the plaintiff for the defendant under a contract for the erection and completion of a frame house and stable at Islip, L. I. The referee found that the defendant had waived the requirements in the contract that Freeman should give certificates of the work done, or that said work, or any part, was done to his satisfaction, and reported that the plaintiff was entitled to a judgment against the defendant for the sum of $1,663.71, with costs. Defendant appeals. Reversed.

The contract contained the following provisions, among others: "(1) The contractors shall and will well and sufficiently do and finish, under the direction and to the satisfaction of George A. Freeman, Jr., architect, all the works included in the masonry, carpentering, plumbing, painting, etc., specifications for erection and completion of a frame house and stable situated at Islip, L. I., N. Y., the same to be built and finished agreeably to the drawings and specifications made by the said architect. * * * (4) In the event of any doubt or question arising respecting the true meaning of the drawings or specifications, reference shall be made to the architect, whose decision thereon, and on all other matters hereby referred to, shall be final and conclusive." The twelfth paragraph of the contract provided that the price of the work should be $9,000, payable by the owner to the contractor in installments at certain stages of the work, "provided that in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due as aforesaid has been done to his satisfaction." The contract also contained the following provision: "(13) It is further mutually agreed between the parties hereto that no certificate given, or payment made, under this contract shall be conclusive evidence of the performance of this contract, either wholly or in part, against any claim of the owner to the contrary in any suit or proceeding whatever." W. Holman Smith testified that during the progress of the work he was the assistant of Mr. Freeman, the architect; that he gave certain certificates by the direction and authority of Mr. Freeman as the work progressed, including a final certificate to its completion. Payments of several installments were made upon the certificates signed by Mr. Smith for Mr. Freeman.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Dill, Chandler & Seymour, for appellant.
Cannon & Atwater, (Henry G. Atwater, of counsel,) for respondent.

BOOKSTAVER, J. This action is brought to recover a balance claimed to be due on a building contract and for extra work. The first question to be determined is whether or not the certificate annexed to the case is sufficient to warrant the court in reviewing the facts on appeal. It is in the following words: "The annexed case contains all the evidence bearing upon the exceptions given (taken) upon the trial." This is very different from the certificates in Dibble v. Dimick, (Com. Pl. N. Y.) 23 N. Y. Supp. 680, and Hyman v. Friedman, (Com. Pl. N. Y.) 18 N. Y. Supp. 446, affirmed 138 N. Y. 639, 34 N. E. Rep. 512, in both of which the word "testimony" was used in place of "evidence," which is a word of very different import. "Testimony," strictly speaking, means the evidence of a witness given under oath, and, even when used in its widest sense, it still has reference to some living agent as its author; while "evidence" includes not only the testimony of

witnesses, but everything else which is legally submitted to a court as a means of ascertaining the truth of any alleged matter of fact under investigation, as deeds, letters, contracts, etc. Consult Webster, Imp. Dict., and Burrill's Law Dict., ad his verbis. Hence the necessity of the use of the broader word prescribed, as was well illustrated in the case first cited, where a number of exhibits were left out of the case, and yet it contained a certificate as to all the testimony being in. The usual form is that the case contains "all of the evidence material to the question sought to be reviewed." Baylies, New Trials, 573. In Sewing-Machine Co. v. Best, 50 Hun, at page 79, 4 N. Y. Supp. 510, it was said:

"Where a question of fact is sought to be reviewed, it should be stated in the case that it contains all the evidence, or all bearing upon the question of fact sought to be reviewed."

The certificate under consideration substantially complies with this rule. The questions of fact before the court for review arise because of the refusals of the referee to find as requested by the defendant, and the exceptions taken to such refusals, and the certificate conforms to what was said by Macomber, J., in Clark v. Swift, (Sup.) 14 N. Y. Supp. 61:

"Under section 993 of the Code of Civil Procedure it is the duty of the party, where there is conflicting evidence, to request a finding in accordance with the contention of the party, and, in case of its refusal to find such request, it would be the duty of the appellate court to look carefully into the evidence, and to determine whether or not the conclusion reached by the referee was correct."

"Section 992 of the Code of Civil Procedure in terms precludes exceptions to findings of fact as such; but section 993 declares a finding of fact which is without any evidence tending to sustain it, or a refusal to make any finding reasonably requested, to be a ruling upon a question of law, and subject to exception as such, under section 992; from which it results that the only mode of reviewing a finding of fact of a court or referee, as being against the weight of evidence, is by means of a request to find and an exception to the refusal to find as requested." Hugg v. Shank, (Sup.) 4 N. Y. Supp. 929.

But if there were no statement that all the evidence upon the question sought to be reviewed was contained in the case, it would still be open to the court to determine that there was no evidence to support any finding of fact duly excepted to. Sewing-Machine Co. v. Best, supra; Halpin v. Insurance Co., 118 N. Y. 172, 23 N. E. Rep. 482, where it was said:

"A statement that all the evidence given on the trial is contained in the case is not essential to present for review in this court a finding alleged to be without evidence to sustain it. The appellant is therefore correct in his claim that the finding excepted to is properly before the court for review, and we must assume that all the evidence introduced on the trial, and bearing upon the fact of occupancy, has been inserted in the case."

We therefore think we are bound to review the facts as presented by the case, and to determine whether or not the referee's findings are in accordance with them.

The complaint sets up the contract between the parties and the order of payment, and that every payment was conditional

upon a certificate of the architect that the work had been done to his satisfaction, alleges that certain extra work had been done, and that the architect had certified that all of the work had been done to his satisfaction, and then sets out the balance due, less certain payments made by the defendant to certain material men. The amended answer denies the value of the work, and also that the certificates had been obtained from the architect, or that he had certified that the work had been done to his satisfaction, as required by the contract, and, on the other hand, alleged that the work was defective in specified details, and inferior in quality, and then attacks the validity of the certificates made by one Smith, an assistant of the architect, and not by the architect himself, or by his authority. A second defense is also set up which it is not here necessary to notice. The contract is very strong along the line that all of the work should be done to the satisfaction, and under the direction, of the architect, and that his certificate should be essential to a payment, and it makes him the sole arbiter as to the regularity, propriety, and value of the work, and consequently brings the case within Glacius v. Black, 50 N. Y. 145. Where a person is made the sole and only arbiter of a contract, his decision is necessary before an action at law may be maintained. And the chief question in this case is as to whether or not the certificates signed, "George A. Freeman, Jr., by W. Holman Smith," are such certificates as the contract called for, and whether or not supervision by the architect, and the production of certificates signed by him or by his authority, had been waived, and that of his assistant, and certificates given by him, were accepted in lieu. As before stated, the contracts were strongly drawn so as to secure the supervision and certificates of the architect; yet respondent contends that all this was waived, because the architect did but little, if any, supervision of the work to appellant's knowledge, and that payments were made on the assistant's certificates in the form above stated. But the payments that were made were to be made, by the terms of the contract, when certain stages on the buildings were reached, and these stand on a different footing from the subsequent payments, which were only to be made when the buildings were completed to the satisfaction of the architect. It might well be that the defendant was content to pay, and believed he should make these payments when called for by the contract, and yet in no sense waive his right to the final completion according to the terms of the contract. The later certificates were not paid because, as defendant then claimed, the work was not properly done, and also because the certificates were not proper or valid ones; and he insisted, by letters and telegrams, that the architect, and not his assistant, should act in the premises. As to these later certificates, the defendant promptly declined to receive or act on them, insisting on his right to the advice and judgment of the architect himself, thus asserting the well-known principle, "delegatus non potest delegare." The plaintiff himself tes-

tified that about the 15th or 16th of September, 1882, he took the certificates after those calling for the first four payments, and handed them to the defendant, who looked them over, and handed them back, refusing to take them. The defendant said he would take advice, and subsequently the plaintiff and defendant had a consultation with their counsel. As the claim in this action is based on these subsequent certificates, the evidence that the assistant acted as superintendent under the architect of the buildings is not sufficient, in our opinion, to warrant a finding of fact that the defendant acquiesced in or waived the final certificates of the architect himself. On the contrary, he promptly refused to pay the amounts called for by them. There is no evidence of any ratification, consent, or acquiescence on the part of the defendant in the acts of the architect's assistant. But, again, there is a failure of any satisfactory proof that the architect in any way authorized the giving of the final certificates by his assistant. He himself testified:

"I did not know anything about the others [i. e. the later certificates] being given. I never in any instance authorized Mr. Smith to sign my name to those certificates. I can only state that I knew nothing about the final certificates being given. I knew, before they were given, that Smith had given out some of these certificates. I knew McEntyre had money as the work went on, but I never knew about the final certificates, and I never authorized Mr. Smith to sign any certificate for me,"

—And this he repeats emphatically. Hence there was an entire failure of compliance with a condition precedent to requiring payment, and we find no evidence which would lead us to the conclusion that the condition had been waived by the defendant. Certainly, the payments made under the first four certificates, under the circumstances, do not warrant such a result. Even if defendant had full knowledge that these first certificates were given without the architect's authority, this would not warrant such a conclusion. Mere payment under such circumstances, even without the production of any certificate, would have been no waiver of defendant's right to require subsequent certificates, which he certainly did. Barton v. Hermann, 11 Abb. Pr. (N. S.) 378; Haden v. Coleman, 42 N. Y. Super. Ct. 256.

We also think the objections to the work as done by plaintiff were well founded, and the demand for the certificates was not a mere pretext. The referee has found a considerable number of distinct variations, changes, and omissions from the designs, some of which, it is true, are not of much importance or of great value, but others are more material, as, for instance, the style of ornamentation, etc. Respondent contends that although the ornamentation in the way of paneling, railings, and cornices, was not as elaborate as required by the specifications, yet that is not a matter of substance, and that ornamentation is merely added to, and not a part of, the house, quite forgetting that any true or tasteful ornamentation must at least appear to be a part of the construction, and not a mere addition. It is quite true such a house might as well protect one from the elements as a more highly

ornamented one; yet just in the ornamentation is a great part of the pleasure many cultivated people take in their dwellings, and one has a right to get what he bargains for, and what the party of the second part agrees to deliver, or there would be no force in contracts. As all these questions are fairly raised in the case, we think the judgment should be reversed, and a new trial ordered; costs and disbursements of this appeal to the appellant, to abide the event. All concur.