(7 Misc. Rep. 33.)

HOWE et al. v. WOOLSEY.

(Common Pleas of New York City and County, General Term.   February 5, 1894.)

1. COUNTERCLAIM—CLAIMS IN DIFFERENT RIGHTS.
   A breach of a contract between defendant and a third person, who is alleged to have acted for plaintiffs' firm, is not available as a counterclaim where such third person was not a member of plaintiffs' firm, and there was no evidence to show that he had authority to bind the firm in regard to the subject of the contract.

EVIDENCE—OPINIONS.
   Where defendant in an action for legal services sets up a counterclaim for a neglect on the part of plaintiffs in that they suffered a default to be taken in an action against defendant for divorce, the opinion of a lawyer, called as a witness, as to the amount at which the divorce case could have been settled before the default, is inadmissible.

Appeal from city court, general term.

Action by William F. Howe and another against Edward J. Woolsey. From a judgment of the city court (25 N. Y. Supp. 1145) affirming a judgment entered on a verdict in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Wells & Waldo, for appellant.
David May, for respondents.

BOOKSTAVER, J.   This action was brought to recover the sum of $500 for legal services rendered to the defendant in various suits between April 12, 1892, and the 20th day of March, 1893. There is a statement in the appeal book that the case contains all the evidence taken on the trial; and that it does not is clear from the fact that it shows two exhibits, I and J, were received in evidence, which are not printed therein. It has been repeatedly held that in the absence of such certificate the facts are not brought before the court at general term for review, much less before this court on appeal from the city court. Hyman v. Friedman, (Com. Pl. N. Y.) 18 N. Y. Supp. 446; McEntyre v. Tucker, 5 Misc. Rep. 228, 25 N. Y. Supp. 95. There the distinction between the use of the words "testimony" and "evidence" is pointed out. Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022; Upington v. Pooler, (Sup.) 19 N. Y. Supp. 428; Dibble v. Dimick, (Com. Pl. N. Y.) 23 N. Y. Supp. 680; McCarthy v. Gallagher, 4 Misc. Rep. 188, 23 N. Y. S. 884; Halpin v. Insurance Co., 118 N. Y. 166, 23 N. E. 482; Brayton v. Sher-

man, (N. Y. App.) 23 N. E. 471; Porter v. Smith, 107 N. Y. 531, 14 N. E. 446; Claflin v. Flack, (Com. Pl. N. Y.) 13 N. Y. Supp. 269.

We cannot, therefore, inquire as to whether or not the verdict is for excessive damages, or against the weight of evidence, but are confined strictly to any alleged errors of law that may have been committed during the progress of the trial; and the first of these is that the verdict is contrary to law. This contention is based upon the fact that the complaint alleges that at divers times during the years 1892 and 1893, at the special instance and request of the defendant, the plaintiffs rendered certain professional services to him, which were reasonably worth the sum of $500, which he promised and agreed to pay, while the evidence is undisputed that the defendant on the 28th June, 1892, gave the plaintiffs an order for $250, which was subsequently paid, and that, therefore, under the complaint there could be a recovery for only $250. But the fact of the payment of this $250 was brought out on the cross-examination of one of the plaintiffs, who testified, not only to this, but also to the further fact that this sum was not received on account of the services sued for, but as retainer, and for services rendered before those to recover the value of which this action is brought; and the other evidence adduced on the trial seems to us to corroborate this testimony. The witness being an interested one, it was a proper question to be submitted to the jury on all the evidence, and, as we read the charge, was properly submitted to them; and their verdict in favor of the plaintiffs is conclusive upon that subject, as there was evidence to support the finding independent of plaintiffs' testimony. Under the evidence, we think that such a verdict did follow the allegations of the complaint, and is not obnoxious to the rule that judgment should be secundum allegata et probata. For the reasons above stated, we also think it was not necessary for the plaintiffs to have asked to amend their complaint to conform it to the proofs.

We do not think it was error to admit the letters offered in evidence by the plaintiffs, as it was a correspondence commenced by the defendant himself, and referred to and threw light upon the question in controversy between the parties, and seems to have been naturally written in the usual course, and for the purpose of procuring an adjustment of plaintiffs' claims.

Appellant also contends that the court erred in excluding evidence as to defendant's losses occasioned by the alleged neglect and mismanagement of his business in the matter of forming a corporation to improve and put on the market defendant's Long Island City lands. The answer sets this forth as a counterclaim against any recovery plaintiffs might make in this action, and in doing so alleged that the agreement had been made with one Benjamin Steinhart on behalf of the plaintiffs' firm, of which the answer had previously alleged him to be a member at the time. This evidence was offered and rejected. It had affirmatively appeared that Steinhart was not a member of plaintiffs' firm, and there was no evidence to show he had authority to bind that firm in the matter which he undertook, if it was undertaken at all; and con-

sequently there could have been no recovery, as against the plaintiff, on such a claim, and the evidence was properly excluded.

Appellant also claimed that the court erred in excluding evidence as to the amount of the moneys due one Samuel E. Rork from Steinhart and one of the plaintiffs, for which Steinhart, as appellant claims, had unlawfully pledged certain stock belonging to him. But, as before stated, Mr. Steinhart was not a member of plaintiffs' firm, and the debt due Rork from Hummel, if any, was an individual transaction between him, Steinhart, and Rork, for which the plaintiffs' firm was in no way responsible; and it could not be made the subject of an offset or counterclaim as against it.

In his answer the defendant set forth as a defense a counterclaim that the plaintiffs had mismanaged and neglected his business, in that they had allowed one of his cases in court to go by default. In the trial it appeared that this had reference to the fact that the plaintiffs, while acting as his attorneys, had suffered a default to be taken against their client in an action for divorce brought by his wife against him; and, to further maintain this issue, defendant called as a witness Weeks W. Culver, a lawyer, and propounded to him a series of questions, asking for his opinion as to the amount for which the divorce case could have been settled prior to the default, which were excluded by the court, and exceptions taken. We think the court properly sustained the objections, as the questions only called for mere expressions of opinion upon the matter, and not for facts, and this reason was given by the court when it excluded the evidence. The other questions asked of this witness, and excluded, were clearly irrelevant and inadmissible. The judgment should therefore be affirmed, with costs. All concur.