(10 Misc. Rep. 669.)

## McENTYRE v. TUCKER.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. BUILDING CONTRACTS—WAIVER OF ARCHITECT'S CERTIFICATE.
    Facts constituting a waiver of the architect's certificate in a building contract.

**2. SAME—EVIDENCE—INFERENCES.**
> When the uncontroverted evidence requires an inference of such waiver, it is legal error to draw the contrary inference.

**3. APPEAL—EXCEPTIONS.**
> An exception to a finding of fact without proof presents the point of legal error in the finding.

(Syllabus by the Court.)

Appeal from judgment on report of referee.

Action by Patrick B. McEntyre against Clarence Tucker. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before BISCHOFF, P. J., and PRYOR, J.

A. B. Cruikshank, for appellant.

Dill, Seymour & Kellogg, for respondent.

PRYOR, J. The action is to recover an unpaid balance of a bill for the construction of a house and stable. The complaint was dismissed on the plaintiff's own proof. The defendant assumes that the questions of law and fact in controversy were adjudicated by the reversal of the judgment against him on a previous trial of the action. McEntyre v. Tucker, 5 Misc. Rep. 228, 25 N. Y. Supp. 95. He is mistaken. The evidence now under review is not the evidence on which the former judgment proceeded; and the facts now found by the referee are not identical with the facts in his previous report. To the rules of law before enunciated we adhere; but whether those rules are prevalent in the case as now presented is the very point for determination. As on the former appeal, we are still precluded from a review of the evidence by the absence of any request for a finding of fact. McEntyre v. Tucker, 5 Misc. Rep. 228, 230, 25 N. Y. Supp. 95. But an exception to a finding unsupported by proof raises a question of law. Code, § 993; Hugg v. Shank (Sup.) 4 N. Y. Supp. 929.

The complaint was dismissed upon two grounds: First, failure of proof of performance in fulfillment of the contract; and, second, failure to furnish the architect's certificate. The referee found non-performance as a fact, as well as a conclusion of law; and to both the record exhibits an exception. The law required simply a substantial performance of the contract (Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271); and from the uncontroverted evidence the conclusion is inevitable that the plaintiff discharged his legal obligation. Nay, more, in effect the defendant admitted the fact; for, when plaintiff presented his bill, the defendant not only omitted objection to the sufficiency of the work, but, in avoidance of present payment, pleaded inability, and promised to settle the coming week. But it is not upon this ground that the defendant essays to uphold the judgment. His reliance is on the failure to furnish the architect's certificate. It is not to be gainsaid that, by the terms of the contract, a certificate was a condition precedent to payment. Certificates were presented, but they were signed, "Geo. A. Freeman, Jr., by W. Holman Smith." Freeman was the architect, and Smith his assistant; and respondent's position is that the latter's certificate was ineffectual to entitle plaintiff to payment. Upon the uncon-

tradicted proof, these facts appear: That, to the knowledge and with the acquiescence of the defendant, Freeman substituted Smith for himself in the preparation of the specifications and the superintendence of the building; that Freeman was never on the premises, and never saw the work; that Freeman authorized Smith to issue certificates; that the defendant, after the contract, never met Freeman, and conducted all the business with Smith; that the extra work was planned and executed by Smith; that, when Smith proposed to furnish the final certificate, defendant made no objection to its issuance by him, but only solicited delay; that other certificates issued by Smith had been accepted and paid by defendant; and that, when the last installment was due, defendant accepted Smith's certificate from plaintiff, without objection, and promised to settle next week. Nor is this all. By the seventh paragraph of the contract, the plaintiff was required to permit any person appointed by the architect to inspect the work, plainly evincing that, from the beginning, a substitute for Freeman was in the contemplation of the parties. That defendant could waive the condition of a certificate from Freeman, and accept, instead, a certificate from Smith, is, of course, an indisputable proposition of law. That he did so waive the provision for certificates from Freeman, and assent, instead, to certificates from Smith, is the clear conclusion of reason and justice. If it be objected that the facts showing performance of the contract and waiver of the certificate depend for proof on the testimony of the plaintiff, the answer is that his evidence is corroborated by Smith; that the omission of the defendant to contradict it gives it additional strength (Schwier v. Railroad Co., 90 N. Y. 558, 564); and that "the mere fact that the sole evidence as to a material fact is the testimony of a party, where there is no conflict in the evidence or circumstances from which an inference against the fact can be drawn, does not require the submission of the question to the jury" (Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109).

An exception duly presents the question of the legal validity of the finding against a waiver of the architect's certificate; and we are of the opinion that, in so finding, the learned referee fell into error.

Judgment reversed, and new trial ordered; costs to abide the event. Order of reference discharged.