## LINDHEIM v. DUYS.

(Superior Court of New York City, General Term.   January 7, 1895.)

**1. TRIAL—INSTRUCTIONS.**
    A charge that, if the jury believe that plaintiff swore falsely in any one
    material fact, they might disregard his entire testimony, is not erroneous
    because it omits the word "willfully," where no request to supply the
    omission is made.

**2. EVIDENCE—COMPETENCY—EVIDENCE OF ADVERSE PARTY.**
    Where a letter has been put in evidence by one party, the answer thereto
    is admissible in behalf of the other party, though otherwise it would not
    be competent.

**3. TRIAL—RECALLING WITNESS.**
    It is in the discretion of the trial court to allow the plaintiff to recall
    witnesses to rebut contradictions made by defendant.

Appeal from jury term.

Action by Moses Lindheim against Henry Duys, Jr.   From a judg-
ment entered on a verdict in favor of defendant, and from an order
denying a motion for a new trial, plaintiff appeals.   Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE,
JJ.

E. J. Myers, for appellant.
Foster, Hotaling & Klenke, for respondent.

McADAM, J.   The action was to recover $1,163.25, damages for
breach of warranty, upon the sale of tobacco, that it was of "perfect
burn," which is a trade term, signifying that the tobacco would
burn perfectly white or grayish-white,—a result considered material
to a purchase.   The answer denied the alleged warranty, and set
up a counterclaim for $642.84, part of the unpaid purchase price of
the tobacco.   The jury, by their verdict, found there was no warranty,
and, as a necessary consequence, that the defendant was entitled to
his counterclaim, about which there was no dispute.

The plaintiff assigns as error:

1. That the trial judge, at the request of the defendant, charged
the jury "that, if they believed that the plaintiff had sworn falsely
in any one material fact, they might disregard his entire testimony."
The criticism is on omitting the word "willfully" preceding the word
"sworn."   If the trial judge had declined the request for the omission
of that word, it would not have been error (Pease v. Smith, 61 N. Y.
477), for the reason that the instruction was not shaped in such a
form as required the judge to give it.   Yet the omission from the
charge as made was technical, and would, no doubt, have been sup-
plied if the plaintiff had made his exception sufficiently definite to
have directed attention to it.   The instruction was substantially cor-
rect, though technically incomplete.   If the plaintiff regarded the
omission as of any moment, he could have had it supplied at the time,
and ought to have called attention to it then in some form, instead
of springing the technicality now.   Langley v. Wadsworth, 99 N. Y.
61.   The rule is that an exception to a specific proposition, or to a
particular remark made by a judge in his charge to a jury, will not

be availing to the appellant unless it is so taken as to clearly and unmistakably point out the proposition or remark to which it is intended to apply, and leave no doubt as to the real character of the exception. McGinley v. Insurance Co., 77 N. Y. 495; Taylor v. Ketchum, 5 Rob. (N. Y.) 507, 520, 35 How. Pr. 289; Jones v. Osgood, 6 N. Y. 233, 235. Another rule is that a party cannot make an exception to a charge or instruction available on appeal, on the ground that it was not sufficiently full or explicit, unless he requested the proper complementary instruction, and his request was refused. 2 Thomp. Trials, § 2396.

2. That the trial judge admitted in evidence a letter written by the defendant to the plaintiff. This objection might have had weight were it not for the fact that the letter objected to was in answer to one written by the plaintiff, and already in evidence. The two letters completed the correspondence between the parties as to the subject-matter of the litigation; the one was made competent by the other. Howe v. Woolsey, 7 Misc. Rep. 33, 27 N. Y. Supp. 377; Lippus v. Watch Co. (Sup.) 13 N. Y. Supp. 319.

3. That the plaintiff was not allowed to recall certain witnesses in rebuttal of the contradictions made by the defendant. This was an apparent effort to reopen the plaintiff's case, and the trial judge, in the exercise of his discretion, had the right to exclude the evidence offered. Carradine v. Hotchkiss, 120 N. Y. 608, 24 N. E. 1020; Marshall v. Davies, 78 N. Y. 414; Cow. Treat. § 1503; Baylies, Trial Pr. 180; Trimble v. Stilwell, 4 E. D. Smith, 515; Caldwell v. Steamboat Co., 47 N. Y., at page 294.

The other objections urged are entirely without merit, and in no manner affected the result. The plaintiff's case hinged solely upon the existence of a warranty which survived the sale. The jury found there was no such warranty. This disposed of the main issue in the case, and practically ended the controversy. The evidence sufficiently sustains the verdict and the judgment entered thereon, and the order denying the motion for a new trial must be affirmed, with costs. All concur.