DENIS MURPHY, APPELLANT, *v.* THE BOARD OF EDUCATION IN THE CITY OF YONKERS, RESPONDENT.

*Duty of an appellant to have a case on appeal state that it contains all the evidence.*

It is the duty of an appellant who intends to review, upon appeal, the findings of fact in the court below, to put in the case a statement that all the evidence upon which those facts depend is returned.

The service of a proposed case, containing no such statement, is equivalent to saying to the respondent that only questions of law are to be taken up for consideration on the appeal. This rule is so well established that the respondent has a right to rely upon its enforcement by the court.

APPEAL by the plaintiff from a judgment rendered at the Westchester County Special Term, and entered in the office of the clerk of the county of Weschester on the 24th day of September, 1888, for the sum of $732 in favor of the plaintiff and against the defendant.

The action was brought to recover upon a contract, by which the plaintiff agreed to construct a building for the defendant, and upon

which he claimed that there remained due and unpaid to him the sum of $3,527.

*John F. Brennan,* for the appellant.

*J. Hampden Dougherty,* for the respondent.

PRATT, J. :

The testimony is conflicting, and the trial judge is much better fitted to determine what weight to give the differing statements than a tribunal that has not seen the witnesses possibly can be.

It must also be remarked that the case does not show that all the testimony given below has been put before this court. For that reason we cannot review the facts. It is the duty of an appellant who intends to call the conclusions of fact in question to put in the case a statement that all the evidence is returned upon which those facts depend. If the case contains no such statement, it is equal to saying to the respondent that only questions of law are to be taken up on appeal. (See *Howland* v. *Howland,* 20 Hun, 472; *Spence* v. *Chambers,* 39 id., 193; *Porter* v. *Smith,* 107 N. Y., 531.) This rule is so well established that a respondent may properly rely upon it. And after a case has been made in a manner appropriate only for the review of questions of law, to reverse a judgment upon the facts would be an injustice to the respondent who has a right to rely upon the court enforcing the rules it has announced for the guidance of litigants. We have examined the exceptions and find none that require the judgment to be interfered with.

It must, therefore, be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.