## BROWN et al. v. WAKEMAN.

*(Common Pleas of New York City and County, General Term.   April 4, 1892.)*

1. REVIEW ON APPEAL—SUFFICIENCY OF EVIDENCE.
   The general term of the New York common pleas has no jurisdiction to review a decision of the city court of New York on questions of fact.

2. SAME—RECORD.
   In an action for rent, a finding that defendant was evicted by the landlord's trespass will be presumed to have been made upon sufficient proof, when the printed case on appeal does not purport to contain all the evidence.

3. SAME—DIRECTING VERDICT.
   Where the trial judge has properly instructed the jury, his refusal to direct a verdict will not be reviewed if the record on appeal is not certified to contain all the evidence.

4. SAME—OBJECTIONS NOT RAISED BELOW.
   Alleged error, as to which on the trial no point was made or exception taken, nor a request for instructions asked, will not be considered on appeal.

5. SAME—OBJECTIONS TO EVIDENCE.
   An objection to material, though perhaps incompetent, testimony as to the ownership of premises, on the ground of immateriality, is insufficient.

6. SAME.
   A general objection to a question calling for declarations of a party as well as a stranger, which fails to discriminate between the admissible and inadmissible evidence, is insufficient.

7. SAME—HARMLESS ERROR.
   The fact that the general term of the city court in affirming a judgment gave a wrong reason therefor is no ground for reversal if such affirmation was proper.

Appeal from city court, general term.

Action for rent by Gerald R. Brown and another against Abram Wakeman. Plaintiffs appeal from a judgment of the general term of the city court affirming a judgment for defendant. Affirmed. For former report, see 16 N. Y. Supp. 846.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*McCall & Arnold,* for appellants.   *Wakeman & Campbell,* (*T. B. Wakeman,* of counsel,) for respondent.

PRYOR, J.   Appellants' main contention is that the verdict was contrary to the evidence; but on this appeal we have no jurisdiction to review the decision of the court below upon questions of fact. *Arnstein* v. *Haulenbeek,* (Com. Pl. N. Y.) 11 N. Y. Supp. 701. And, as the case does not purport to contain all the evidence, we are bound to assume that sufficient proof was adduced to support the verdict. *Arnstein* v. *Haulenbeek, supra; Howland* v. *Howland,* 20 Hun, 472; *Sewing-Machine Co.* v. *Best,* (Sup.) 4 N. Y. Supp. 510; *Cheney* v. *Railroad Co.,* 16 Hun, 415, 419; *Murphy* v. *Board,* (Sup.) 6 N. Y. Supp. 99; *Spence* v. *Chambers,* 39 Hun, 193, 195. These peremptory rules of appeal leave for consideration only such questions of law as are apparent on the record by appropriate exceptions. The point that the disturbance of defendant's possession was not by the plaintiffs, but by the department of buildings, is not available to appellants, for the reason that whether the defendant was so molested in his occupancy is concluded by the verdict on conflicting evidence, and by the presumption that the actual proof was adequate to sustain a finding that defendant's injury was the consequence of plaintiffs' trespass. Clearly and explicitly the court charged the jury that the defendant "cannot maintain an eviction for the time he may claim he has been denied the use and occupation of the premises if he retains them and uses them;" and, again, that "a tenant cannot remain in possession, and, because circumstances exist which would authorize him to leave, treat the matter as though in reality he had vacated." Still, appellants impute error to the refusal of the court to direct a verdict in their favor "upon the ground that a tenant cannot remain in possession, and then claim an eviction;" and in sup-

port of their contention they allege that the evidence of defendant's continued possession was entirely without contradiction. We do not so read the evidence as returned, and, since the record is not certified to contain all the evidence, the presumption prevails that the verdict was justified by proof produced, but not reported. To the proposition that the jury erred in "refusing to allow the plaintiff the rent for the months of February, March, and April, notwithstanding that the repairs were completed before February 1st," it is an all-sufficient answer that the point was not taken on the trial, and that no request for instructions or exception presents the question for review. The point that "the judge erred in allowing hearsay testimony" as to the ownership of the premises is untenable for two reasons: *First*, the ground of the objection was that the testimony was immaterial, whereas it was material, though perhaps incompetent; and, *secondly*, the question challenged called for declarations of a party to the action as well as of a stranger, while the objection was general, and without discrimination between the admissible and the inadmissible evidence. The fact, if so it be, that the general term of the court below erred "in assuming that the repairs were made by the plaintiffs, and not by the department of buildings," is of no consequence; since a wrong reason for a right decision is ineffectual for its reversal. The trial court at all events did not commit a like error. And so of the alleged error by the general term in "holding that the repairs were not completed until May, 1890." Appellant's other exceptions are necessarily involved in the determination of those already discussed. Upon a careful examination of the case we find that the learned trial judge submitted the issues to the jury in a charge of unusual clearness and correctness; and our conclusion is that no available error was committed to the prejudice of the appellants. Judgment and order affirmed, with costs. All concur.