## HYMAN *v.* FRIEDMAN.

*(Common Pleas of New York City and County, General Term.* April 4, 1892.)

1. APPEAL—REVIEW OF EVIDENCE—RECORD.
   A printed case on appeal purported to contain all the testimony, but not all the evidence, taken upon the trial. *Held,* that the facts found by the trial judge were conclusive upon the appellate court.

2. SAME—SUFFICIENCY OF FINDINGS.
   Findings of a referee that defendant executed and delivered to plaintiff a bond and mortgage, in reliance upon representations of plaintiff and others in collusion, made with intent to defraud defendant, that the moneys intended to be secured thereby would be paid to defendant immediately thereupon, and that no consideration was given by plaintiff to defendant therefor, are sufficient to sustain a judgment declaring the bond and mortgage void, and directing them to be canceled.

Appeal from special term.

Action by Fanny Hyman against Betti Friedman for foreclosure of a mortgage on real property. Plaintiff appeals from a judgment for plaintiff entered on trial by the court without a jury, and from an order denying a motion for a new trial. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Samuel F. Hyman,* for appellant. *Goodhart & Phillips,* (*David Leventritt,* of counsel,) for respondent.

BISCHOFF, J. The case on appeal purports to contain all the testimony, but not all the evidence, taken upon the trial, and the facts found by the learned trial judge are therefore conclusive upon us. *Aldridge* v. *Aldridge,* 120 N. Y. 614, 616, 24 N. E. Rep. 1022. These are to the effect that the bond and mortgage described in the complaint were obtained from the defendant by the plaintiff, and others in collusion with her, by means of representations that the moneys intended thereby to be secured by the defendant would be delivered to her immediately upon the execution of those instruments; that such representations were false and fraudulent, and were made with intent to deceive and to cheat and defraud the defendant; that relying upon plaintiff's good faith, and believing the representations to be true, defendant executed and delivered the bond and mortgage, but that no consideration whatever was given by the plaintiff to the defendant therefor. Nothing further seems to be required to sustain a judgment for the defendant adjudging the bond and mortgage null and void, and directing them to be delivered up and canceled; and, as plaintiff's exceptions to the rulings upon the trial prove upon examination to be unsubstantial, the judgment appealed from should be affirmed. Judgment affirmed, with costs.