David M. Koehler, Appellant, *v.* Joseph Hughes, Respondent.

*Tax sale — remedy of one redeeming property from the lien of — statement that a case contains all the evidence — review by the General Term of questions of fact.*

A claimant of an undivided interest in certain real estate, which he is not proved to own, who voluntarily redeems the entire property from a tax sale, is without redress against the co-tenants.

The statement that a case contains all the testimony is not equivalent to a statement that the case contains all the evidence, and in the absence of the latter statement the General Term is precluded from reviewing the questions of fact.

Appeal by the plaintiff, David M. Koehler, from a judgment of the Supreme Court in favor of the defendant, rendered upon a decision of the court after a trial at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 30th day of June, 1893, dismissing the plaintiff's complaint upon the merits and for costs.

*David McClure,* for the appellant.

*Edward W. S. Johnston,* for the respondent.

Parker, J.:

This suit has for its object the subrogation of the plaintiff to the rights acquired by a purchaser at a tax sale of certain real estate alleged to have been held by Henry and Joseph Hughes as tenants in common.

Plaintiff, claiming an undivided interest in the premises, either as grantee or mortgagee of Henry Hughes, redeemed them after sale.

The defendant Joseph Hughes refused to repay to the plaintiff any portion of the money thus paid out by him, and the plaintiff thereupon asserted the right to be subrogated as to the rights of the purchaser at the tax sale, and to have the lien enforced for his benefit.

If plaintiff's contention as to his ownership of an undivided interest in the premises were established by the record, the question would be presented, whether the payment by the plaintiff, in order to redeem the property, was a voluntary payment.

Were it a voluntary payment plaintiff would, of course, be without redress. That question could only be answered by an examina-

tion of the provisions of the Consolidation Act, in order to ascertain whether they authorize the owner of an undivided interest to redeem by paying such a proportion of the taxes as his interest bears to the entire estate. But respondent makes the point that we cannot reach that question, because the trial court refused to find, and the record prevents us from determining, that plaintiff has or ever had an interest in the property.

An examination of the findings does not disclose any to the effect that the plaintiff had or has an interest in the property as grantee, mortgagee or otherwise.

Plaintiff requested findings of fact which, if found, would have established that he had an interest in the premises which he would be. entitled to protect; but every one of such proposed findings were refused.

The learned trial judge explains his refusal to find in the closing paragraph of his opinion, but the explanation does not help the situation at all, as the findings and refusals to find must stand unless we can determine that he erred in such respect.

In attempting the consideration of that question we are confronted with the objection that the record does not contain a statement " That the case contains all the *evidence* adduced on the trial."

At folio 165 there is a statement by the attorney for the appellant, "That this case contains all the *testimony* adduced at the trial."

Under the decisions in *Hyman* v. *Friedman* (45 N. Y. St. Repr. 636), and *Upington* v. *Pooler* (47 id. 30–40), the statement that a case contains all the testimony is not an equivalent of the statement that the case contains all the evidence.

That being so, the General Term is precluded from reviewing the questions of fact. (*Aldridge* v. *Aldridge*, 120 N. Y. 614–616.)

Hence there is no question for decision. The judgment should be affirmed, with costs.

Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs.