ELLEN R. RANDALL and Others, as Executors, etc., of MARY PETTIGREW, Respondents, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and Another, Appellants.

*Appeal — statement that the record "contains all the testimony," insufficient — when a judgment will not be reversed — evidence.*

A statement in the record upon an appeal from a judgment that the same "contains all the testimony taken upon the trial in this action," is not equivalent to the statement that the case contains all the evidence, and in the absence of the latter statement, the General Term is precluded from reviewing questions of fact.

Where it can be clearly seen from the opinion of a referee and from his findings and conclusions, that no harm has resulted to the appellants from a judgment rendered against them, such judgment should not be reversed.

Upon the trial of an action, the plaintiff introduced evidence, over the defendant's objection, as to the rental value of a certain bank building. The defendant asked one of its experts, "Is it a fact that apartments in bank buildings bring-

a higher figure then they do in others ? " This question plaintiff's counsel objected to as immaterial and irrelevant, and specifically upon the ground that evidence as to bank buildings was incompetent ; the objection was sustained. *Held,* that the question was a proper one, and that the ruling was erroneous.

APPEAL by the defendants, The New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of August, 1893, upon the report of a referee.

*R. L. Maynard,* for the appellants.

*Eugene D. Hawkins,* for the respondents.

PER CURIAM :

This is the usual action brought by a property owner to obtain an injunction *nisi.* There is no statement in the case on appeal that it contains all the evidence, the nearest approach thereto being one that it " contains all the testimony taken upon the trial of this action." That the latter expression is not the equivalent of the former has been many times held, and lately in the case of *Koehler* v. *Hughes* (73 Hun, 167), where the authorities are reviewed, and wherein, as repeatedly before, it was held, that where the case does not contain all the evidence this court is precluded from reviewing questions of fact.

The only questions of law urged upon our attention are those having reference to the admission and exclusion of evidence, and two motions made to dismiss the complaint, one at the end of plaintiffs' case, and again when both sides had rested.

In the light of the exhaustive opinion of the referee, which shows that he neither misapprehended nor misapplied the law bearing upon the questions involved in this class of litigation, his findings of fact and conclusions of law seem to us to require no further comment, justifying as they do his decision.

Upon the evidence, the only serious question relates to the exclusion of a question asked of one of defendants' expert witnesses, as follows : " Is it a fact that apartments in bank buildings bring a higher figure than they do in others ? " Notwithstanding the fact that the plaintiffs had adduced evidence, over defendants' objection,

as to the rental history of a bank building on the corner of Forty-seventh street and Third avenue, the plaintiffs' counsel objected to this question as immaterial and irrelevant, and then specifically upon the ground that evidence as to bank buildings was incompetent. This objection was sustained, and we think erroneously; and if there were other similar errors appearing in this record, from which we could see that they in any way affected the judgment, it would be our duty to reverse it. It always comes with poor grace from counsel, who themselves have got in evidence of a particular kind, over objection, to attempt to exclude the introduction of similar testimony when offered on their adversary's behalf to explain or offset that first admitted. Where, however, as here, it can be clearly seen from the opinion of the referee, and the findings and conclusions made by him, that no harm has resulted to defendants, then should the principle be applied which is so well expressed in the *Steubing Case* (138 N. Y. 658), as follows: "There is considerable difficulty attending the trial of this class of cases, and a judgment should not be reversed if, upon the whole record, we can see that no harmful error was committed, and that the proper principles of law were not misapprehended or misapplied."

Our conclusion is that the judgment appealed from should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.