ISRAEL P. GRANT, as Surviving Partner, etc., Respondent, v. WILLIAM D. LAWRENCE, as Surviving Partner, etc., Appellant.

*Case on appeal — no certificate that it contains all the evidence — surrounding circumstances considered in the construction of a contract — construed against the party preparing it — damages for the breach of a contract to defend a vendee from infringement suits — defense — items of damage.*

Where, in a case on appeal, there is no certificate that the case contains all the evidence given upon the trial, the General Term is not called upon to review the evidence or the findings of fact made by the trial court.

In construing a provision in a contract for the sale of merchandise, consisting of patented articles, that the vendees are "to be defended from trouble about patents," it is the duty of the court to look at the surrounding circumstances, and the situation and relation of the parties to the transaction as evidenced by the contract entered into between them.

Where a provision in a contract of sale was prepared and inserted therein by the vendor, such provision must be construed most strongly against him.

It is not a defense to an action, brought against a vendor of patented articles by the vendee, to recover damages for the breach of the vendor's undertaking to defend him "from trouble about patents," to show that an action brought against the vendee for the infringement of a patent, in selling the articles (the subject of the sale to him by such vendor) was not resisted by means of a protracted litigation ending in the Supreme Court of the United States, but in such an action it is competent for the defendant to introduce evidence by way of defense showing that a complete defense existed to the suit in the United States court.

In such action the costs in the infringement suits brought against the vendee, as well as the amount paid for the services of an attorney rendered necessary to extricate the vendee from the trouble he was in, by reason of the vendor's failure to perform his covenant to defend the vendee "from trouble about patents," are legitimate items of damage to be assessed therein.

APPEAL by the defendant, William D. Lawrence, as surviving partner of the firm of Lawrence & Chapin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 19th day of October, 1892, upon the decision of the court rendered after a trial at the Chemung Circuit before the court without a jury.

In March, 1885, Israel P. Grant, surviving partner of the firm of Grant & De Water, purchased certain patented articles from Lawrence & Chapin for the purpose of selling the same to retail dealers. Lawrence & Chapin made an agreement that if there should be any claim made against Grant as surviving partner, on account of any patents involved in the construction of the implements sold, they would save him harmless therefrom. Thereafter, Israel P. Grant sold such implements at retail to various persons, agreeing to defend them from any damage to which they might be subjected on account of the purchase of the implements in question, by reason of there existing an infringement of any letters patent in the construction thereof. An action was commenced against Grant, as surviving partner, and against certain of his vendees, by the firm of G. B. Olin & Co., for the infringement of certain letters patent on account of the sale of such implements, and for an injunction against the use and sale thereof, and for damages. Grant gave notice to Lawrence & Chapin at the commencement of such action, and requested such firm to defend the same, which it did not.

The actions brought by Olin & Co. were thereafter settled by Grant, and this action was thereupon brought by Grant against William D. Lawrence, as surviving partner of the firm of Lawrence & Chapin, to recover damages for the alleged breach of contract made by the defendant to save the plaintiff harmless from trouble about patents in regard to such implements.

*Risley & Robinson*, for the appellant.

*James A. Douglass* and *Frederick Collin*, for the respondent.

HARDIN, P. J :

Inasmuch as there is no certificate that the case contains all the evidence given upon the trial, this court is not called upon to review the evidence or the findings of fact made by the trial court. (*Ald-*

*ridge* v. *Aldridge,* 120 N. Y. 614; *Murphy* v. *The Board of Education,* 53 Hun, 171; *Davis Sewing Machine Co.* v. *Best,* 50 id. 76; *Koehler* v. *Hughes,* 73 id. 167; *Hyman* v. *Friedman,* 45 N. Y. St. Repr. 636; *Koehler* v. *Hughes,* 57 id. 131.)

(2) When the plaintiff's firm became a purchaser from the defendant's firm both parties understood that the articles to be sold were patented articles, and that such articles were manufactured in such a mode and manner as to be protected by the patents under which the defendant's firm was operating. Some hesitation was evinced by the plaintiff's firm at the time of the negotiations in respect to the sufficiency of the defendant's patent to cover the harrows in question, and there were inserted in the contract the following words : " Grant & De Water to be defended from trouble about patents." In construing those words it is the duty of the court to look at the surrounding circumstances, the situation and relation of the parties to the transaction then in hand, evidenced by the contract entered into by them.

In *Griffiths* v. *Hardenbergh* (41 N. Y. 464) it was held that the court is to be assisted in the interpretation of a written contract by proof of surrounding facts as they existed at the time of its execution and delivery. That case is approved and the doctrine thereof reaffirmed in *Dodge* v. *Zimmer* (110 N. Y. 48). Evidently the purchasers, by soliciting and receiving the words we have quoted, desired to be entirely indemnified, protected and saved from all " trouble " which might come to them by reason of purchasing and selling the harrows that the defendant's firm then contracted to sell and deliver to the plaintiff's firm. The words were prepared by the seller, and ought to be construed most strongly against the defendant's firm. (*Noonan* v. *Bradley,* 9 Wall. 394; *Dodge* v. *Zimmer,* 110 N. Y. 43.)

In *Brewster* v. *Countryman* (12 Wend. 446), where the vendor of property, in connection with the terms of sale, said to the vendee " that he would see him out with it," it was held that these expressions were equivalent to an agreement to indemnify, and near the close of the opinion in that case SAVAGE, Ch. J., said : " That the words ' see him out with it,' in the connection in which they stand, can mean nothing else than to indemnify or save harmless, seems to me quite clear; if it was a cant phrase or provincialism, meaning some-

thing else, evidence should have been offered to prove it, but then the matter must have been submitted to the jury."

(3) We think it is not a defense to the action for a breach of the defendant's undertaking that the action brought by Olin & Co. against plaintiff was not resisted by means of a protracted litigation ending in the Supreme Court of the United States. Decisions had been made prior to the 21st of August, 1886, adverse to the position of the defendant in respect to the matter involved in Olin & Co.'s suit. It would have been competent for the defendant in this case to have introduced evidence by way of defense, showing that a complete defense existed to the suit. Such evidence was not produced by the defendant.

In *Bridgeport Ins. Co.* v. *Wilson* (34 N. Y. 275), where the parties had entered into a general covenant of indemnity, and it was insisted that they had not had an opportunity to defend suits, it was said, in the course of the opinion of SMITH, J., at page 279, viz.: "Although they had no opportunity to defend the Barnum suit during its progress, yet, if they are allowed in this action to avail themselves of any defense that might have been interposed successfully in that suit, they are not prejudiced by the want of notice. Such opportunity is given them by holding that the judgment in the Barnum suit, although *prima facie* evidence of the validity of the claim thereby established, is not conclusive against them, and they may be let in to show that it was obtained by collusion, or that a valid defense existed to the claim, which the insurance company neglected to set up." The costs in the suits brought against the plaintiff's firm and purchasers from plaintiff, as well as the amount paid for the services of an attorney, rendered necessary to extricate them from the trouble they were in, by reason of the failure of the defendant to perform its covenant, seem to be legitimate items of damage to be assessed against the defendant.

In *Kip* v. *Brigham* (7 Johns. 171) it was said by KENT, Ch. J.: "It is enough for a party, in order to maintain his action on a bond of indemnity, to show that he was liable and had paid the debt, or that he was sued, or that he was even exposed to a suit. * * * The costs were part of the loss and damage which the plaintiff had sustained by means of the default of the defendants in not satisfying the creditor." (*Hastie* v. *De Peyster*, 3 Caines, 190.)

(4) We have looked at the numerous exceptions taken during the progress of the trial, and are of the opinion that none of them present any error requiring us to interfere with the conclusion reached at the Circuit. The foregoing views, as well as those expressed in the opinion delivered by the learned trial judge, lead us to the conclusion that the recovery should be sustained.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.