DAVID M. BLAUSTEIN, as Administrator, etc., of JENNIE BLAUSTEIN, Deceased, Respondent, *v.* EUGENE W. GUINDON and Another, Appellants.

*Unloading a truck in a city street — injury to a pedestrian on the sidewalk — the damages should be determined by the jury — contributory negligence — review of questions of fact by the General Term.*

Although a person has a right to unload hogsheads from a truck on a street in the city of New York, he is nevertheless bound to exercise such reasonable care and prudence in so doing as not to injure persons lawfully passing on the sidewalk. This can be done either by letting the hogsheads down with ropes or by having men enough to ease them down, or, if it is intended to roll the hogsheads from the truck into a factory, by having some one stationed at the place to warn pedestrians of the danger.

A pedestrian has the right to pass over the sidewalk of a city street, and may assume that she will not be subjected, without warning or signal, to the danger of having a hogshead thrown against her from a truck. She has no reason to anticipate that, just as she is passing by a truck loaded with hogsheads, the driver thereof will let a hogshead roll down upon her, and, although she has knowledge of the presence of the truck, it is a question for the jury to determine, upon the trial of an action brought to recover damages resulting from her death by reason of the alleged negligence of the owner of the truck, whether her passing between the ends of the skids attached to the truck and the building into which the hogsheads were being rolled was an act of negligence which in any way contributed to her death.

When the amount of damages to be awarded in an action presents a question of fact for the jury to determine from all the evidence given and the rulings of the court made upon the trial, the General Term, in the absence of a statement contained in the case upon appeal that the case contains all the evidence, is precluded from reviewing such question of fact.

APPEAL by the defendants, Eugene W. Guindon and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of March, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 23d day of April, 1894, denying the defendants' motion for a new trial.

*Allen W. Hoddart* and *Arthur D. Williams,* for the appellants.

*G. Washbourne Smith,* for the respondent.

O'BRIEN, J. :

This action was brought to recover damages for the death of Jennie Blaustein, the plaintiff's intestate, caused by the alleged negligence of a servant of the defendants.

On or about the 2d day of September, 1892, certain casks of sal-soda were being unloaded from a wagon or truck belonging to defendants at a soap factory on Munroe street, between Rutgers and · Pike streets, in the city of New York. The driver had backed up the truck in front of the open doorway of the factory through which the hogsheads were to be rolled. The rear wheels stood two feet in on the sidewalk, which was fifteen feet wide. The driver had attached to the end of the truck a pair of skids, which were about six feet long, the lower end of which rested upon the sidewalk, leaving a space of three or four feet between the ends of the skids and the front edge of the building. There were four or five of these large hogsheads lying down on the truck. Before the accident one hogshead had been let down, and it was the second hogshead that rolled from the truck that killed the child.

Plaintiff's intestate was a little girl of the age of twelve years and ten months, and at the time of the accident was walking in an easterly direction on the sidewalk of Munroe street, when, in passing between the ends of the skids and the factory, she was struck by a hogshead of sal-soda weighing 1,300 pounds, which rolled from the truck and over her, causing death. At the time of the accident the driver was standing upon the truck with his back towards Pike street, and was stooping over with his face downwards just at the time the little girl was passing between the ends of the skids and the building, and at that instant the driver took the chock from under the hogshead, so that, in the language of the driver, it "rolled down the skids as quick as lightning."

It is not claimed that any ropes or chains were used to let the hogshead down, nor were any danger signals used, nor any one stationed to give notice or warning, and instead of permitting the hogsheads to slide down endwise, which it was testified had been the custom of the driver on other occasions, on this, as it would appear, in order to save labor, he let the hogshead roll down as fast as it would go, so that it would roll a long way inside the factory.

At the close of plaintiff's case a motion to dismiss the complaint

was made, upon the ground that there was no evidence of defendants' negligence, or freedom from contributory negligence on the part of plaintiff's intestate. These motions were denied, and at the end of the entire case were renewed and again denied, to which denials proper exceptions were taken, and it is upon these exceptions that the substantial questions presented by this appeal rest.

We think it was clearly a question for the jury as to whether the acts of the defendants' driver in unloading the truck were or were not negligent. Although the defendants had the right to unload the hogshead from the truck, they were bound to exercise reasonable care and prudence in so doing so as not to injure persons lawfully passing along the sidewalk. And this could have been done, either by letting it down with ropes or by having men enough to ease it down, or if it was intended to roll it from the truck into the factory, by having someone stationed to warn pedestrians of the danger. After neglecting to adopt any such means of safety, then to argue that upon such evidence no question as to defendants' negligence was presented is to fail to recognize the force of facts and the obligations imposed upon those using the public streets in respect to pedestrians.

The little girl had an undoubted right to pass over the sidewalk, and while so passing, without notice or warning, she was struck by this heavy hogshead, which was rolled from the truck in a manner to preclude the possibility of her escape, even if she had seen it after it started, the testimony showing that the rapidity with which it left the truck gave to the hogshead a momentum sufficient, if unimpeded, to carry it inside the factory Such conduct is as wanting in care as that of one who, without warning or signal of any kind, and without regard to the presence of pedestrians on the sidewalk, would hurl a barrel or brick or any bulky or dangerous missile from the windows of a building upon the sidewalk.

So with respect to the question of freedom from negligence of plaintiff's intestate. She had the right to pass over the sidewalk, and was right in assuming that she would not be subjected, without warning or signal, to the danger of having thrown against her a hogshead from a truck, any more than that she would be subjected to danger from some heavy or dangerous missile thrown from a window into the street. She had no reason to anticipate that just

as she was passing by the driver would let the hogshead roll down upon her, and though she had knowledge of the presence of the truck, it was for the jury to determine whether her passing between the ends of the skids and the building was an act of negligence which in any way contributed to her death.

In addition to these exceptions, which we do not regard as well founded, another one is presented, based upon the alleged error of the court in admitting, over defendants' objection and exception, certain testimony. The driver had been examined in chief by the defendants, and upon cross-examination he was asked the following question: "Q. So if a person was, say, one or two feet away from your skid at the instant you pull the chock out from under it, he could not get by it before he was struck, could he?" This was objected to as calling for a conclusion, the objection was overruled and the defendants took an exception, and the witness answered: "Yes, it went down fast." We do not think that in this any serious error was committed, for the reason that it was the cross-examination of the defendants' witness and the answer given was not responsive, but such as it was it was permitted to stay, no motion having been made upon this ground to strike it out. The question thus asked, however, was immediately afterwards answered, and when repeated no objection was made to it, and the answer was elicited without objection.

Another ground urged is that the damages were excessive. This, upon all the evidence and the rulings of the court, was a question of fact for the jury, which we are not in a position upon this record to review, because the record has no statement that the case upon appeal contains all the evidence, and it has been many times held that in the absence of such a statement this court is precluded from reviewing any question of fact. (*Randall* v. *N. Y. El. R. R.*, 76 Hun, 427; *Koehler* v. *Hughes*, 73 id. 167; *Aldridge* v. *Aldridge*, 120 N. Y. 616.)

We think that the judgment is right and that it should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.