(10 Misc. Rep. 743.)

PRICE PRINTING HOUSE v. JEWELERS' REVIEW PUB. CO.

(Common Pleas of New York City and County, General Term   January 7, 1895.)

PLEADING—PROOF UNDER GENERAL DENIAL.
    Payment of the damages sued for is an affirmative defense, which must be alleged and proved, and cannot be shown under a general denial.

Appeal from Second district court.

Action by the Price Printing House against the Jewelers' Review Publishing Company for breach of a contract. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

James H. Wood, for appellant.

Philo. P. Safford, for respondent.

BOOKSTAVER, J. This is an action for damages for breach of contract. Plaintiff agreed to do the presswork, binding, and mailing of the Jewelers' Review for a period of one year at certain prices named in the contract, and to allow defendant a credit of $700 on certain presses sold by defendant to plaintiff, payment for the work to be taken out of this $700 credit as long as it lasted, and defendant contracted to give the presswork and binding to plaintiff for the

same period, at prices named. The agreement was carried out by both parties until within a few weeks of the end of the year, when defendant neglected and refused to give the work to plaintiff, and plaintiff therefore sues to recover damages for defendant's breach. The pleadings were oral; defendant's answer a general denial. The justice gave judgment for plaintiff, and defendant appeals. It claims that there is no evidence that it had not paid the damages, or that the credit of $700 had been exhausted. These points were not raised upon the trial. The motion to dismiss at the close of plaintiff's case was based solely upon the ground that defendant was not bound to give plaintiff the papers or forms "at any hour during the period of time." It is therefore not proper to raise these questions for the first time upon appeal, especially when the case was apparently tried upon the assumption that the credit had been exhausted, and that fact is clear from a consideration of the monthly expenses of publication. If the damages had been paid, it was an affirmative defense which should have been alleged and proved, and was not admissible under a general denial. Lent v. Railroad Co., 130 N. Y. 504, 29 N. E. 988, and cases cited. The amount of damages was sufficiently proved, and there is evidence that plaintiff was ready and willing to perform the contract on its part. The question of the mutuality of the contract is not worthy of consideration. A reference to it shows that its terms are clear, and the consideration moving between the parties good and valid. Appellant also contends that the respondent did not mail the papers at or before the time agreed upon in the contract, and also that it required the appellant to complete its forms by Saturday morning of each week, which, if done, would have excluded late news, important to be inserted in each issue. Both of these were also affirmative defenses, being excuses for nonperformance, evidence of which could not be given under a general denial. Abb. Tr. Brief Pl. § 822, and cases cited. This judgment should therefore be affirmed, with costs.