(13 Misc. Rep. 272.)

### OWEN v. SELL.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. PARTY IN INTEREST—NECESSITY OF PROOF.
   Evidence that plaintiff is not the real party in interest cannot be given under a general denial, unless the case is such that plaintiff must establish ownership of the matter in controversy as an essential element of his cause of action.

2. MONEY PAID FOR ANOTHER—RIGHT TO RECOVER.
   Plaintiff cannot recover from defendant money paid for defendant's benefit, without any request from him, and without his knowledge.

Appeal from Seventh district court.

Action by William W. Owen against Edgar E. Sell. From a judgment in favor of plaintiff rendered by the justice without a jury, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

F. De Lysle Smith, for appellant.
William H. Regan, for respondent.

BISCHOFF, J. The claim in suit is for moneys alleged to have been expended at defendant's instance, and arose out of a certain transaction involving the exchange of real estate between the parties. By the terms of the contract for this exchange, title was to close on August 15, 1892, and all charges for interest upon incumbrances up to that date were to be defrayed by the respective owners of the property incumbered. Interest for six months upon a mortgage for $40,000, covering plaintiff's property, was to fall due September 1st; but the mortgagee refused to accept payment from plaintiff, upon account, to August 15th. Prior to the date of closing title, defendant was called away from the scene of negotiations, and intrusted the completion of the contract to one Wearn, as agent, who, at plaintiff's suggestion, entered into an agreement on defendant's behalf that the former should pay the interest upon the mortgage in question to September 1st, charging the latter with $88.90, the amount of the 16 days' interest, which payment was accordingly made. This charge for balance of interest, together with the amount of certain unpaid taxes upon the property received by plain-

tiff in exchange, constituted the demand in this action, to which the defendant interposed a general denial.

The first point raised by the appellant is that the action was improperly instituted, upon the ground that the plaintiff was not the real party in interest (Code Civ. Proc. § 449), it being claimed that his grantor of the property was such party. Sufficient evidence is disclosed by the record to support the conclusion that the fact was contrary to this contention, and, moreover, the question is not properly before us. Except in a case where the plaintiff is required to establish ownership as an essential element of his cause of action, proof that he is not the real party in interest cannot be given under a general denial. Smith v. Hall, 67 N. Y. 48; Savage v. Insurance Co., 4 Bosw. 1, 36 N. Y. 655; Jackson v. Whedon, 1 E. D. Smith, 141; Abb. Tr. Brief, §§ 941, 942, 954. Here there is no dispute as to the plaintiff's legal title to the property, nor was it essential to prove it; the demand being for an actual expenditure in the transaction between the parties, with no question of ownership arising from the nature of the claim. The plaintiff, however, by failing to make any objection to the introduction of testimony whereby it was apparently sought to show an interest on the part of his grantor in the recovery, waived this defect in the answer. Whitman v. Foley, 125 N. Y. 654, 26 N. E. 725; Alfred Shrimpton & Sons v. Dworsky (Com. Pl. N. Y.) 21 N. Y. Supp. 461. But the defendant's omission to present the point in any way to the attention of the justice below precludes his availing of the contention at this stage of the litigation. Price Printing House v. Jewelers' Review Pub. Co., 10 Misc. Rep. 743, 31 N. Y. Supp. 800; Brown v. Wakeman (Com. Pl. N. Y.) 18 N. Y. Supp. 363; Fulton v. Insurance Co. (Com. Pl. N. Y.) 19 N. Y. Supp. 660.

Upon another ground, however, the appeal must succeed. It is urged by the defendant that his agent, Wearn, had no authority to make the agreement in pursuance of which the plaintiff paid the interest in question, and credited himself with the amount constituting the item in suit, and that, the agency being special, defendant's responsibility for the agent's acts was measured by the restrictions placed upon the authority. It is uncontradicted that this agent's (Wearn's) authority embraces only the performance of acts required to carry the contract of exchange into effect. No claim is made, nor does the evidence in any way bear out an assumption, that any acts of the defendant could be construed as authorizing plaintiff to deal with Wearn as a general agent. Hence, by his failure to inform himself as to the extent of the agency, he assumed the risk that the principal would not be bound by the agent's acts. Craighead v. Peterson, 72 N. Y. 283. Upon the evidence, it must be held that the act of Wearn in making the agreement whereby defendant was sought to be charged with a payment made by plaintiff on account of a future charge upon the property, accruing after defendant's interest in the subject-matter attached, to the exclusion of the plaintiff's, involved no responsibility upon the part of defendant, since the authority given was solely to perform the contract, and power in the agent to change it was not to be implied. 1 Am. & Eng.

Enc. Law, p. 367, and cases cited.   Nor was the delegated authority to be increased by the agent's own act.   Eaton v. Railroad Co., 57 N. Y. 390, 391.   True, the payment may well have inured to the defendant's benefit; but this does not render him liable to the plaintiff for the amount thus gratuitously expended, with no solicitation upon the former's part, and with full knowledge, or imputable knowledge, of the facts.   18 Am. & Eng. Enc. Law, pp. 187, 188;  Kenan v. Holloway, 16 Ala. 53;  Abell v. Douglass, 4 Denio, 309.   Had there been any general custom whereby such a transaction as that in question could be recognized as an incident to the performance of the contract, under the circumstances, it might well have been proven; but the evidence tended to show that the only custom existing with regard to payments upon an exchange of property required that the party giving mortgaged property in exchange should charge himself with the amount of interest accrued, but not due, leaving it to the other party to make the full payment when called for by the terms of the mortgage.

The judgment rendered was for $136.60, and the claim above discussed was for but $88.90.   While the parties seem to be agreed that the balance was to cover payments made by the plaintiff of certain taxes, which, by the terms of the agreement, were to be paid by defendant, there is not the slightest proof of their amount in the record, and nowhere is an admission of the liability disclosed.   Judgment reversed, and new trial ordered, with costs to appellant, to abide the event.