## VAN PRAAG & CO. v. WEINBERGER.

(Supreme Court, Appellate Term. February 5, 1909.)

AUCTIONS AND AUCTIONEERS (§ 11*)—ACTIONS BY AUCTIONEERS—EVIDENCE—ADMISSIBILITY.

In an action by auctioneers for the difference between the amount of defendant's original bids for the goods and the sum they brought upon a resale on a refusal by defendant to take the same, evidence as to the relation between the auctioneers and the firm on whose account the goods were sold, relative to the ownership of the goods, was improperly excluded, notwithstanding the only defense was a general denial, as it was essential to plaintiffs' recovery that they show either ownership in themselves or that the goods had been intrusted to them under such circumstances as would constitute them trustees of an express trust, and thus enable them to bring the action in their own name.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Van Praag & Co. against Aaron Weinberger. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Samuel J. Goldberg, for appellant.
Isaac V. Schravrien, for respondent.

GIEGERICH, J. The plaintiffs are auctioneers and commission merchants and conducted a sale of men's shoes on July 21, 1908. The defendant attended the sale, and a large quantity of the goods was struck off to him upon his bids. Upon his refusal to take the goods and pay for the same, they were upon notice to defendant again put up for sale, and this action was brought to recover the difference in price between the amount of the original bids of the defendant for the goods and the sum they brought upon the resale. Upon the trial the plaintiff's president testified that he personally conducted the sale, and that the goods sold by him were sold on account of Perlhafter & Schatz, a firm of this city. It also appeared that the resale of the goods was on account of and that plaintiffs had a contract to sell them for said firm.

Several questions were then asked by the defendant's attorney in an evident endeavor to ascertain the exact relations existing between the plaintiff corporation and the last-named firm, relative to the ownership of the goods, and as to whether or not said firm was interested

in the recovery in this action. These questions were excluded by the trial court. I think under the circumstances of this case such exclusion was error. It is true that the only defense set up in the answer was a general denial, and that the defense that a plaintiff is not the real party in interest can usually only be raised by an affirmative plea to that effect. In a case, however, where it is essential that the ownership of the property sued for should be shown to be in the plaintiff, this rule does not apply. Owen v. Sell, 13 Misc. Rep. 272, 274, 34 N. Y. Supp. 176. In the case at bar it was essential to the plaintiffs' recovery that they should show either ownership in themselves or that the goods in question had been intrusted to them under such circumstances or by such an agreement as would constitute them "trustees of an express trust" under section 449 of the Code of Civil Procedure, and thus enable them to bring this action in their own name. This they did not do, and all questions propounded by the defendant's attorney tending to explain the situation were excluded by the court upon the plaintiff's objection. The goods concededly were sold by plaintiff "on account of Perlhafter & Schatz." Whether the president of the plaintiff who conducted the sale attended at the place of business of Perlhafter & Schatz, and there acted as auctioneer, under their immediate observation and control in conducting the sale, or whether the goods were placed in the actual possession of the plaintiff, and it was liable to account to the said firm for the proceeds only, does not appear. As the defendant under a general denial had a right to prove anything that would defeat the plaintiff's claim, and there is nothing in the record showing that Perlhafter & Schatz may not have a valid claim against this defendant, the judgment should be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.